# BLAIR v. RHODES.

1. B was summoned as a garnishee alleged to be the debtor of H, against whom R had recovered a judgment; B answered that he was indebted to H in the sum of eight hundred dollars, from one to two hundred of which was dischargeable in saddlery: *Held*, that the plaintiff was not entitled to an *unconditional* judgment against the garnishee for eight hundred dollars. *Quere:* could the court have delayed proceedings to afford the garnishee an *opportunity to deliver* the saddlery according to his contract: or could the entire debt have been condemned with the reservation of B's right to deliver the saddlery to the sheriff, and *pro tanto* discharge the judgment.

2. An affidavit made for the purpose of obtaining a garnishment consequent upon a judgment, will not be regarded on error as conclusive that there was a judgment against the creditor of the garnishee; the existence of such judgment must be shown by the record of the suit against the original parties; or by its recital in the judgment rendered against the garnishee.

Writ of error to the Circuit Court of Mobile.

This was a proceeding by garnishment under the statute, at the suit of the defendant in error against the plaintiff. The garnishee was alleged to be the debtor of Henry C. Holmes, against whom the plaintiff had obtained a judgment, for the sum of twenty-eight hundred and five 29-100 dollars, in the circuit court of Mobile, which was still unsatisfied. The garnishee on the 14th November, 1842, appeared and answered on oath, that at the time he was served with the garnishment, he was under a contract by lease with the defendant, to pay him eight hundred dollars, for rent, for the year commencing November 1, 1841, and ending November 1, 1842; two hundred dollars of which sum was to be paid at the end of each quarter, with the understanding that the defendant should receive saddlery amounting in value from one to two hundred dollars, in part payment of his indebtedness. *Further*, no part of the rent has been paid in any manner. The garnishment was issued on the 31st January, 1842, and executed on the same day. A judgment was rendered against the garnishee for eight hundred dollars.

G. GOLDTHWAITE, for the plaintiff in error. The answer of the garnishee does not sustain the judgment, nor is the judgment authorized by any thing found in the record. *Further*, it is not shown that a judgment was rendered against Holmes, as stated in the garnishment, or affidavit on which it was founded. [He cited Aik. Dig, 213–4; 1 Ala. Rep. N. S. 421; 3 Ala. Rep. N. S. 114.]

No counsel appeared for the defendant.

. COLLIER, C. J.—In Smith v. Chapman and brother, [6 Porter's Rep. 365,] the garnishee admitted that he was indebted to the defendant in attachment one hundred and nine dollars, *to be paid in store accounts :* The court held, that the answer did not authorize a judgment for that sum. [See also, Mims v. Parker & Coffman, 1 Ala. Rep. 421; Allen v. Morgan, 1 Stewart's Rep. 9; Presnell v. Mabry, 3 Porter's Rep. 165.] In the case before us, the garnishee admitted that he was indebted to the defendant in the judgment, in the sum of eight hundred dollars; from one to two hundred dollars of which he was, by his contract, to pay in saddlery, if he thought proper. The plaintiff

82

might, had he so elected, have relinquished his claim to so much of the debt as was dischargeable in saddlery, and have taken judgment for the residue, but he could not, according to the cases cited, have insisted upon unconditional judgment on the answer for eight hundred dollars; because it did not admit a monied indebtedness for so much. Whether it would have been competent for the court to have delayed the proceedings, to afford the garnishee an opportunity to pay the merchandize to the extent that his contract authorized; or whether the entire debt should have been condemned, with the reservation that the garnishee might deliver the saddlery to the sheriff, and that his indebtedness should be *pro tanto* discharged, are questions, which as they have not been discussed, we will not undertake to determine. [See 22d section of act of 1833, "concerning attachments." Aik. Dig. 43.]

In respect to the objection, that it does not appear from the record that the plaintiff had recovered a judgment against the creditor of the garnishee, it is for the first time made in this court. The remedy for the collection of debts by the means of garnishment, is given by statute, as well to a creditor who sues by attachment, as to him who has recovered a judgment. In the former case it is but a mode of levying the attachment; in the latter it becomes, if the expression be allowable, a consequential suit, in which the plaintiff seeks to render some third person liable to the payment of his judgment, either in whole or in part, because of his supposed indebtedness, &c. to the defendant. When the garnishment issues upon a judgment, the plaintiff is required to make affidavit (if an execution has not been returned "no property found,") that the defendant has no property within affiant's knowledge in his possession, and that he hath just reason to believe that another person (naming him) is indebted to the defendant, or hath effects of defendant in his hands. Upon the garnishee being summoned, it is declared that the court "shall examine and proceed against such garnishee or garnishees, in the same manner required by law against garnishees in original attachments." [Aik. Dig. 213-4.] It is perfectly clear that the plaintiff is not entitled to a garnishment in a case like the present, unless he has obtained a judgment against the defendant. This being conceded, is it not necessary, in order to authorize the action of the court against the garnishee that the judgment should have been shewn?

hon

And how can it be known that this was done, unless the record discovers the fact? The affidavit made by the plaintiff is merely intended to authorize the issuance of the garnishment, but is no evidence that the state of the record is such as it affirms it to be. It cannot be received to establish any fact, but that the plaintiff had taken the pre-requisite step to give jurisdiction to the court. The fact that the judgment was rendered in the court to which the garnishee was summoned, will not supersede the necessity of proving its existence any more than if it had been recovered in another court. It must be regarded as a record, proveable either by the production of the original or a copy.

The most technical, and hence the proper mode of entering a judgment against the garnishee would be to recite therein that it appeared to the court that the plaintiff had recovered a judgment against the defendant, stating the time when, and its amount. We will not undertake to say that such a recital is indispensable, for we are inclined to think that as the proceeding against the garnishee is merely consequential, the record of the original suit might be sent up on error, and would show the fact of the judgment if it existed. But that it should be shown in some way by the record, we are entirely satisfied. [See Gaines v. Beirne & McMahon, 3 Ala. Rep. N. S. 114.]

If this were the only objection, we should award a *certiorari* to bring up the record of the principal case, if desired; but upon the first point considered, the judgment must be reversed and the cause remanded.