## JACKSON *vs.* SHIPMAN.

[GARNISHMENT AGAINST ADMINISTRATOR ON JUDGMENT AGAINST DISTRIBUTEE.]

1. *Who may make affidavit for garnishment.*—Under section 2520 of the Code, which allows a judgment creditor of a distributee to sue out process of garnishment against the administrator of the estate, the affidavit for the garnishment should be made by the real owner of the judgment, and not by the plaintiff of record.

2. *In whose name garnishment must be prosecuted.*—But, although the affidavit should be made by the real owner of the judgment, and although the garnishment is the institution of a suit, yet the process must be sued out, and the judgment on the answer taken, in the name of the plaintiff of record, and not in the name of the real owner of the judgment.

3. *What defenses garnishee may make.*—The garnishee cannot raise the question of the ownership of the original judgment, since he has *no interest in that question.* Conceding that he may show satisfaction of the original judgment, and that his statement of that fact, when not controverted or disproved, must be taken as true ; yet his mere statement " that he is advised and believes" that the judgment has been satisfied, is not an averment that such fact exists.

4. *As to proof of original judgment.*—It is erroneous to render judgment against the garnishee, without proof of the original judgment; yet, where the judgment is correctly described in the garnishment, to which the garnishee made answer, and the judgment entry shows that the garnishee appeared in court, " and waived the objection that no judgment could be rendered because no execution could issue on the judgment,"—this is an admission of the existence of the original judgment, and dispenses with further proof of it.

5. *Judgment corrected and affirmed.*—Where the affidavit for the garnishment is made by the real owner of the judgment of which satisfaction is sought, and judgment is rendered in his name against the garnishee, while the affidavit and garnishment correctly describe the original judgment, the judgment will be corrected in the appellate court, at the costs of the appellant, and rendered in the name of the plaintiff in the original judgment.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. THOMAS A. WALKER.

The record in this case shows the following facts: On the 28th June, 1854, Temperance Shipman made affidavit, before the clerk of the circuit court of Sumter, " that a certain judgment, recovered in said court at its May term, 1844, for the sum of $532, besides costs, wherein Hiram Jackson, administrator of Randall Jackson, deceased, is plaintiff, and Peter Jackson is defendant, belongs to, and is the property of this affiant; that said Peter is a distributee of the estate of Elizabeth Jackson, deceased; that Jacinth Jackson is the administrator of the estate of said Elizabeth, and as such, affiant believes, has assets to pay said judgment, or some portion thereof, out of the distributive share of said Peter; and affiant believes that process of garnishment against said Jacinth, as such administrator, is necessary to obtain satisfaction of said judgment."

On this affidavit a garnishment was issued against said Jacinth Jackson, which was duly executed on him; and at the return term of the summons, he appeared, and filed a written answer, in these words : "Jacinth Jackson, who has been summoned as garnishee to answer what he, as administrator of Elizabeth Jackson, deceased, is indebted to Peter Jackson, for answer says, that the estate of said Elizabeth Jackson has not yet been settled, but, when a settlement shall take place, there will be due to said Peter Jackson, as one of the distributees, the sum of about $80; that said estate is not, and will not be, otherwise indebted to him; that respondent is not, and will not be, otherwise indebted to him, nor has respondent, as administrator or otherwise, any effects of his in his hands, nor does he know of any one who is indebted to him, or who has any effects belonging to him. Respondent further says, that he is advised and believes that the judgment, on which said garnishment was issued, was

32

fully settled and discharged before the issuance of said garnishment; and he therefore insists, that no judgment on this answer shall be rendered against him. Respondent further says, that he is advised and believes that the first execution on said judgment was issued and tested on the 3d day of June, 1844, at a time when no execution could be legally issued on said judgment; and for this reason, also, he insists that no judgment shall be rendered against him on this answer. Respondent further says, that he is advised that the affidavit, on which said garnishment was issued, is insufficient to authorize the issuance thereof; and for this reason he prays that said garnishment may be dismissed.

On this answer the court rendered the following judgment:

"Came the parties in this cause. Jacinth Jackson filed his answer as garnishee, in writing, and said written answer is made a part of the record. Thereupon, said garnishee waived the objections, that no judgment could be rendered because no execution could issue on the judgment, and that the estate of his intestate had not been settled, and moved the court to be discharged on his answer; but the court, on inspection of the affidavit and answer, overruled said motion. And the court thereupon considered, that the plaintiff recover of the garnishee the said sum of $80 mentioned in his answer, and that said garnishee be allowed his mileage and attendance," &c.

The errors now assigned on this judgment are, 1st, "that the court erred in rendering judgment against the appellant on his answer"; and, 2d, "that the court erred in rendering judgment against the appellant on his answer, without proof of the judgment in favor of the appellee against Peter Jackson, or that the appellee was the owner."

TURNER REAVIS, for appellant, made these points:

1. A garnishment cannot be issued on a judgment, unless an execution can be issued on it; and therefore the affidavit ought to state that an execution could issue on it.—Code, § 2471. The statute does not, in terms, require this, nor does it require it to be stated that there is a judgment; but the statements of these facts are equally necessary. An execution cannot be issued on a judgment during the term of the

court at which it is rendered, without affidavit and leave of the court.—Code, §§ 2423–2426. Nor can an execution be issued on a judgment which the record shows to have been satisfied.—Thompson v. Wallace, 3 Ala. 132. Section 2471 of the Code was designed to put executions and garnishments on judgments on the same footing. If a garnishment may be issued on a judgment without affidavit that an execution can be issued on it, a garnishment may be issued on a judgment in term time, or on a satisfied judgment, when an execution cannot.

2. The affidavit is insufficient, also, because it was made, not by the plaintiff in the judgment, nor by his agent or attorney, but by a third person claiming to be the owner.

3. The answer not having been traversed, the statement therein that the judgment had been fully paid and discharged is to be taken as strictly true.—Robinson v. Rapelye, 2 Stew. 86. That this is a defense which the garnishee may make, see Thompson v. Wallace, 3 Ala. 132; Dew v. State Bank, 9 ib. 323.

4. It was erroneous to render judgment against the garnishee, without proof of the existence of the judgment mentioned in the affidavit, and that the appellee was the owner of it.—Blair v. Rhodes, 5 Ala. 648.

A. A. COLEMAN, contra, contended,—

1. That the affidavit was sufficient, and was made by the proper party.—Code, §§ 2129, 2540; 8 Ala. 574; 3 Stew. 335.

2. That, even if the garnishee may raise the question of the satisfaction of the original judgment, the answer in this case does not allege that fact, but only states the garnishee's belief.

3. That the answer admits the original judgment, and thereby dispenses with the necessity for further proof.

RICE, C. J.—By section 2520 of the Code, the amount of money which will be due to a distributee, on the final settlement of an estate, is subject to the process of garnishment, sued out against the administrator by the judgment creditor of the distributee; and if the administrator, in answer to such garnishment, admits assets to pay the amount claimed, or

some portion thereof, out of the distributive share of such judgment debtor, a judgment may be rendered against such garnishee, for the amount so admitted by him, before a final settlement of the estate. Without such admission, a judgment cannot be rendered against such garnishee, until a settlement of the estate.

The real owner of the judgment against such distributee is his judgment creditor, although the judgment may have been rendered in favor of another person as the plaintiff of record; and such real owner, being the judgment creditor, is entitled under section 2471 of the Code, upon making the affidavit therein prescribed, to sue out such garnishment. But in such case, he cannot sue it out, or take judgment thereon, in his own name; for, although such proceeding by garnishment is the institution of a suit, yet such suit is consequential to the judgment in the principal case, is designed as a remedy for its collection, and must be commenced and prosecuted in the name of the plaintiff in that judgment, no matter who may be its real ower.—Blair v. Rhodes, 5 Ala. 648.

When the garnishment suit is thus commenced and prosecuted, the garnishee cannot raise the question as to the ownership of the judgment in the principal case. He has no interest in such a question. The protection afforded to him by such a proceeding will not be destroyed, nor varied, by the mere fact that the judgment in the principal case does not belong to the plaintiff in whose name it was rendered, but to a third person.

Conceding that the garnishee may show that the judgment in the principal case has been satisfied, and that a statement of such satisfaction in his answer is to be taken as true, when not controverted or disproved; yet these concessions are unavailing to the garnishee in the present case, because there is no evidence of the satisfaction of the judgment under which the garnishment was sued out, and no statement in his answer that said judgment has been satisfied. The statement in the answer is, " that he is *advised and believes*" that said judgment has been satisfied. It is clear, that an averment " that he *is advised and believes*" that a fact exists, is not an averment that such fact does exist. If issue were taken on such averment, the issue would be, not as to the existence

or non-existence of the fact, but as to the existence or non-existence of such *advice and belief* on his part that the fact did exist.

We concede that it would have been erroneous to render judgment against the garnishee, without proof of the judgment mentioned in the affidavit.—Blair v. Rhodes, *supra*. But, as that judgment is well described in the garnishment, to which the garnishee made his answer, and as the judgment entry against the garnishee shows that he appeared in court, and "waived the objection that no judgment could be rendered *because no execution could issue on the judgment*," we hold, that his admission, contained in this waiver and in his answer, is an admission of the existence of "the judgment" described in the garnishment, and is sufficient proof of its existence as against him in this proceeding.

It appears, also, that he waived the objection that the estate of his intestate had not been settled. And the only error we discover in the record is, that the judgment against him is not rendered in favor of the plaintiff in the judgment described in the affidavit and garnishment, but in favor of Temperance Shipman, who made the affidavit for suing out garnishment, and therein swore that she was the owner of that judgment. But this error is amendable; and inasmuch as the affidavit and garnishment both correctly describe the judgment, and thus furnish the means of making the amendment, we shall allow the judgment to be here amended, so as to show that it is a judgment against the garnishee, in favor of the plaintiff in the judgment in the principal case, and not in favor of Temperance Shipman. This amendment being made, the judgment must be affirmed, at the costs of the appellant.—Smith v. Redus, 9 Ala. 99; Collins v. Hyslop, 11 Ala. 508; Hood v. Br. Bk. at Mobile, 9 Ala. 335.