44 305
104 408

## CURRY, Garnishee, *vs.* WOODWARD.

[GARNISHMENT OF STOCKHOLDER, FOR UNPAID SUBSCRIPTION TO CAPITAL STOCK OF CORPORATION, ON JUDGMENT.]

1. *Assignment of error; what, excludes irregularities from consideration.*— An assignment of error "that the court erred in rendering judgment as shown by the record," without any other assignment, excludes from consideration any mere irregularities in the proceedings.

2. *Garnishee, judgment against; what must appear to sustain.*—On appeal from a judgment against a garnishee, in order to sustain the judgment below, it must appear that a judgment had been rendered against the principal in the same court. But rather than reverse for such a defect a *certiorari* would be awarded to bring up the record in the principal case.

3. *Garnishee, answer of; when part of record.*—The answer of a garnishee, appended to the transcript, verified by affidavit and referred to in the judgment entry, is a part of the record.

4. *Capital stock, unpaid subscription for; what not necessary to sustain judgment against stockholder on garnishment.*—When a subscriber to the capital stock of a corporation is garnished as its debtor, it is not necessary that the stock should have been called for by the company to obtain judgment against him for the amount of his unpaid subscription.

APPEAL from the Circuit Court of Talladega.
Tried before Hon. JOHN HENDERSON.

The appellee, Woodward, obtained a judgment against
the Talladega Insurance Company, at the spring term, 1867,
of the Talladega circuit court, and the appellant, as a
stockholder in said company, and owing an unpaid sub-
scription to the capital stock of said company, was after-
wards summoned by process of garnishment as the debtor
of said company. The garnishee filed a sworn answer,
which being considered insufficient, judgment was rendered
against the garnishee for the amount of the appellee's de-
mand. There was no bill of exceptions, and the only error
assigned is, that "the court erred in rendering judgment
against the garnishee as shown by the record." The other
facts upon which the opinion is based, will be found
therein.

JOHN T. HEFLIN, for appellant.
SAM'L F. RICE, for appellee.

B. F. SAFFOLD, J.—The single assignment of error
is, that "the court erred in rendering the judgment against
the garnishee as shown by the record." This assignment,
so general and vague, must exclude from consideration any
mere irregularities in the proceedings, and confine our in-
quiries to the jurisdiction of the court, and such errors,
apparent on the record, as should have the effect of annul-
ling the judgment.

It appears from the record, that the appellee recovered
a judgment against the Talladega Insurance Company, the
defendant in this case, on the 18th of May, 1867.

The garnishment, issued by the clerk of the circuit court
of Talladega county, recites, that the judgment was recov-
ered in the court aforesaid, and an execution issued on it,
which was returned by the sheriff of Talladega county "no
property found." This is a sufficient showing that judg-
ment had been rendered against the principal in the same
court before it was given against the garnishee.—*Jackson
v. Shipman*, 28 Ala. 488. But if there was a defect in this

particular, this court would award a *certiorari* to bring up the record in the principal case, rather than reverse on that ground.—*Blair v. Rhodes*, 5 Ala. 648.

There is no bill of exceptions, but the answer of the garnishee is appended to the transcript, and is verified and referred to in the judgment entry, and must be considered as part of the record.—*Easton v. Lowery*, 29 Ala. 454; *Fortune v. State Bank*, 4 Ala. 385.

From this answer, it is shown that the garnishee was a subscriber to the capital stock of the insurance company, and that his unpaid stock amounted to more than the demand of the plaintiff. He claims an offset against this indebtedness for money deposited with the company, but the nature of this claim is not so definitely stated as to impress error upon its non-allowance, when no exception was taken in the court below. His claim of offset for dividends can not prevail. Dividends unpaid are assets of the company, and liable for its debts.

It was not neceessary to show that the stock had been called for by the company.—Rev. Code, § 2893 ; *Smoot v. Hart*, 33 Ala. 69.

As the court had jurisdiction of the cause, and the judgment might have been rendered, in the absence of any specified error which could not be corrected in the court below, or which ought to have been there first presented, the judgment must be affirmed.