# Bradley Fertilizer Co. v. Pollock & Co.

*Garnishment Suit.*

1. *Partnership; individual liability of members; set-off of claim against firm not allowed in suit by member.*—While under the statute, (Code, § 2605), any member of a partnership may be sued for the obligation of all, in a suit by one who is a member of a partnership on a debt due from defendant to plaintiff individually, the defendant can not set off a debt due to him from the partnership of which plaintiff is a member.

2. *Same; garnishment.*—Where a garnishment is issued upon a judgment recovered against one who is a member of a partnership, for his individual indebtedness, the garnishee can not set off an indebtedness of the firm to him against a debt due by him to the individual partner who is the judgment debtor in the original suit, unless there had been an agreement between such member of the firm and the garnishee before the writ of garnishment was served.

3. *Same; notice relieving individual liability of a member.*—Where one of the members of a partnership gives notice to sellers of goods not to supply goods to his firm without his order of approval, such member is not liable for goods sold to said firm in disregard of such notice.

4. *Garnishment; proof of original judgment.*—In a garnishment proceedings, it is error to render judgment against the garnishee without proof of the judgment in the original suit; but where the garnishment is issued upon a judgment, and the judgment is correctly described in the garnishment, to which the garnishee makes answer, this is an admission of the judgment described in the garnishment, and is sufficient proof of its existence as against the garnishee.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

This was a garnishment proceeding instituted by the appellant, the Bradley Fertilizer Company, suing out a writ of garnishment upon a judgment recovered by it against John E. Cooke, which writ of garnishment was served upon the appellees, J. Pollock & Co.

It was admitted that the firm of Cooke, Phillips & Walker, of which the defendant, John E. Cooke, the judgment debtor of the appellant, was a member, was indebted to J. Pollock & Co., the garnishees, in the sum of $2,974, at the time of the service of the garnishment, and that the same had never been paid.

The evidence tended to show, that on the 27th day of January, 1892, the defendant, Cooke, placed in the hands of Pollock & Co., to his individual credit, the sum of $462.49.

The appellants having recovered a judgment against Cooke, in the circuit court of Walker county, Alabama, for $1,745.37, besides costs, on the 11th day of December, 1893, sued out of said circuit court, in aid of said judgment, a writ of garnishment against J. Pollock & Co., which writ recited said judgment so obtained against said Cooke, and required them to answer at the next ensuing term of said court. On the 16th day of December, 1893, J. Pollock, a member of the firm of Pollock & Co., appeared in said court and answered said writ of garnishment for his firm, stating that his said firm was not indebted to the defendant (Cooke), at the time of the service of the garnishment in the cause, or at the time of making this answer thereto, and that said firm would not be indebted to him in the future, &c., but alleging that said defendant was indebted to said firm of Pollock & Co.

This answer was contested by appellants, on the ground, that the same was not true, of which contest, Pollock & Co. were duly notified. An issue was made up between the appellant company and the said garnishees, under the direction of the court. The form the issue assumed was, that appellant filed a complaint against the garnishees, alleging that they claimed of them, ''Four hundred and sixty-two 49-100 dollars, with interest from January 27th, 1891, said amount being evidenced by a stated account due from said Pollock & Co., garnishees, to defendant, John E. Cooke, dated January 27th, 1892.'' To this complaint, or tender of issue, the garnishees answered by way of plea, in substance, that they were not, and had never been, indebted to said defendant, in the sum alleged, or in any other amount, but on the contrary, at the time of the service of said writ of garnishment on them, he was indebted to them in a large sum, which indebtedness remained wholly unpaid.

On the trial of this issue, the garnishees introduced evidence tending to show, that said Cooke was, on the 27th January, 1892, furnished with a statement by Pollock & Co., showing an amount due him of $462.49, and a statement showing the balance of the indebtedness due from the firm of Cooke, Phillips & Walker, of which firm said Cook was a member, to garnishees, which was stated to be $2,974.05 ; that in the presence of J. Pollock, one of the firm of Pollock & Co., and one Scales—the book-keeper of said firm—said Cooke agreed to allow Pollock & Co. to apply the $462.49 to the account of Cooke, Phillips & Walker then due, and that on that date—27 January, 1892—was the first time that he, J. Pollock, knew that said Cooke claimed that he was not liable for the partnership debt of Cooke, Phillips & Walker.

The plaintiff in rebuttal, introduced evidence tending to show, that Cooke had never agreed to allow his individual money to be applied as a credit on the partnership debt ; that before the goods charged against the partnership were purchased, and when his money was deposited with the travelling salesman of Pollock & Co., he told him it was not to be used for the partnership debts ; and besides, that he had informed J. Pollock, himself, before the partnership account was made, of the same fact, and that he would only be liable for partnership orders, which he marked "O. K.," which he had not done ; that on January 27th, 1892, when the account of Cooke, Phillips & Walker was furnished to him, he again denied his liability ; that Cooke was doing business on his own account in Walker county, and Pollock & Co. did business in Mobile ; that Pollock & Co. entered suit on their said partnership demand in the circuit court of Walker county against Cooke, Phillips & Walker, which suit was still pending.

The bill of exceptions states, that "plaintiff's counsel then offered to introduce the judgment of said court of plaintiff against defendant, unless the court took judicial cognizance of the same, when the court stated it would take judicial cognizance of such judgment." To this garnishees appear not to have objected.

This being all the evidence, the court, at the garnishees' request in writing, instructed the jury, that if they believed the evidence, to find the issue in favor of

[Bradley Fertilizer Co. v. Pollock & Co.]

the garnishees, to the giving of which charge, the plaintiff excepted. The jury returned a verdict for the garnishees, and judgment was accordingly rendered, discharging them. The plaintiff appeals, and assigns as error the giving of the affirmative charge in favor of the garnishees, and the judgment rendered.

WADE & VAUGHAN, for appellant.—1. The individual money of the defendant Cooke could not be credited on a debt due the garnishees from a partnership of which Cooke was a member, without Cooke's consent. A garnishment in its nature and operation is the institution of a suit by a creditor of a debtor of his debtor; and only such demands as a debtor, who is sued, can enforce in his own name can be reached by garnishment.—*Harris v. Miller*, 71 Ala. 26.

2. In an action brought by an individual partner, the defendant can not set up a counter claim which he has against the partnership of which the plaintiff was a member.—*Hoyt v. Murphy*, 18 Ala. 318; *McKinley v. Winston*, 19 Ala. 301; *Watts & Son v. Sayre*, 76 Ala. 397; 22 Amer. & Eng. Encyc. of Law, 408.

3. Where a member of a partnership gives notice not to supply goods to his firm without his consent or approval, he is not liable for goods furnished in disregard of such notice.—1 Lindley on Partnership (2 Amer. Ed.) 411, § 170; *Knox v. Buffington*, 50 Iowa, 320; *N. Y. F. I. Co. v. Benneth*, 5 Conn. 597; *Chapman v. Devereux*, 32 Vt. 616; *Coleman v. Bellhouse*, 9 W. C. (C. P.) 31; *Williams v. Barnett*, 10 Kan. 455; *Radcliffe v. Varner*, 55 Ga. 427; *Boardman v. Gore*, 15 Mass. 339; *Wilson v. Richards*, 28 Minn. 337; *Pollock v. Williams*, 42 Miss. 88; *Mason v. Partridge*, 66 N. Y. 633; *Dow v. Sayward*, 12 N. H. 271; *Cargill v. Corby*, 15 Mo. 425; *Bromley v. Elliott*, 38 N. H. 287; *Nolan v. Lovelock*, 1 Mont. 224.

APPLING, McGUIRE & COLLIER, *contra*.—1. The record no where shows that the plaintiff ever recovered judgment against the defendant. This is fatal to the plaintiff's appeal.—*Case v. Moore*, 21 Ala. 758; *Brake v. Curd*, 102 Ala. 339; *Jackson v. Shipman*, 28 Ala. 488; *Blair v. Rhodes*, 5 Ala. 648; *Lee v. Ryall*, 68 Ala. 354; 8 Amer. & Eng. Encyc. of Law, 1218.

2. The garnishees had the right to set off the debt

due from the firm of which Cooke was a member against a debt due from them to Cooke. The statute, (Code, § 2605), provides that when two or more persons are associated together as partners, any one of the associates may be sued for the obligations of all. This question has been decided by this court to mean that the contract obligation of a partnership is a joint and several contract of each and all of the members of the firm.—*Johnston v. Dutton*, 27 Ala. 245; *Hall v. Cook*, 69 Ala. 87; *Frank v. Pickens*, 69 Ala. 369.

HARALSON, J.—1. If the $462.49, deposited by Cooke with Pollock & Co., as to the amount of which there is no dispute, was owing by Pollock & Co. to Cooke, at the date of the service of the garnishment, in such manner as that Cooke was entitled to recover it by suit in assumpsit against Pollock & Co., the plaintiff was entitled, by virtue of its garnishment, to its judgment against the garnishees for that sum. Whether or not Cooke, in an action to recover the money against Pollock & Co., was entitled to a judgment for it, depends upon another question, viz., whether Pollock & Co. were entitled to set-off their claim against Cooke, Phillips & Walker, of which firm Cooke was a member—and which indebtedness was larger than the claim of Cooke against them—in such an action by Cooke.

2. Under section 2605 of the Code, any member of a partnership may be sued for the obligation of all, and this has been the statutory regulation on that subject, since the act of 1818.—Clay's Dig., p. 323. This statute has been the subject of repeated construction in this court, and has been several times re-enacted, with such construction upon it, and we must presume in its re-enactment, the legislature knew of the construction which had been placed on the former statute by the several decisions of this court, and adopted it as a part of the statute.

The case of *Hoyt, Ford & Robinson v. Murphy*, 18 Ala. 317, involved the same question here raised. Murphy & Brack, of which firm J. H. Murphy was a member, owed Hoyt, Ford & Robinson, and they owed Murphy & Brack, which latter firm had been dissolved. On its dissolution, Brack assigned to Murphy his interest in the partnership assets, in consideration of which Murphy

agreed with him to pay the debts of the firm. Murphy sued Hoyt, Ford & Robinson, on one of the assets assigned to him by Brack, and the defendants pleaded as a set-off against his claim, a demand due them from the late firm of Murphy & Brack. In delivering the opinion of the court, Judge Chilton, after stating that it was difficult to determine upon what principle the right of set-off of such a demand is denied when one of the partners sues a creditor of the firm, says : ''But, this court has heretofore settled the construction of the statute, which authorizes the partners to be sued separately. In *Pierce v. Pass*, 1 Por. 232, it was held that the individual debt of one partner could not be set-off against a debt due the firm,'' and citing *Von Pheel v. Connally*, 9 Port. 452, to the same effect, he adds : ''There are other decisions to the same point, but these may suffice to show the settled construction which this court has placed upon the statute, and from which we do not feel at liberty to depart.'' The demand of the defendants was not allowed to be set-off against the debt due by them to the plaintiff. This decision found approval in the subsequent case of *Duramus v. Harrison*, 26 Ala. 326. See also *Fancher Bros. v. Bibb Furnace Co.*, 80 Ala. 485 ; *Cannon v. Lindsey*, 85 Ala. 201.

3. From these rulings it appears, the debt of Cooke, Phillips & Walker, to J. Pollock & Co., was not the subject of a set-off against the debt which they owed Cooke, and was liable to plaintiff's garnishment, unless there had been an agreement between Cooke and Pollock & Co., before the writ of garnishment was served, by which Pollock & Co. had the right to credit it on their debt against Cooke, Phillips & Walker.

The evidence on the part of the garnishees tended to show, that Cooke agreed with Pollock in the presence of Scales, on the 27th of January, 1892, at the time the statements were made out and furnished to him, showing the balance due by his firm to garnishees, and what garnishees were owing him on his individual deposit with them, that garnishees might apply the $462.49 due him by them, to the account of Cooke, Phillips & Walker, due to garnishees. If this was true, then garnishees had the right to so apply it, and it was not subject thereafter to plaintiff's garnishment.—*Hoyt, Ford & Robinson v. Murphy*, 18 Ala. 317, *supra*. But Cooke, on the other hand,

denies that there was any such an agreement, and swears that he told them, that his money was not to be used for the partnership debt, and that he would not be liable for any of the debts of his firm for goods thereafter bought by them from garnishees, unless he approved their purchase. The evidence tended to show, that this notice was give to Pollock & Co., before they sold the goods which constituted the consideration of their account against defendant's firm. It is held on good authority, that where a defendant, a member of a firm to which goods were sold, gave notice to the vendors not to supply goods to his firm without his order or approval, and the plaintiff, notwithstanding, supplied goods to the firm, he is not liable for them.—1 Lindley on Partnerships, 170, and authorities cited.

Whether or not the defendant agreed to allow his debt against Pollock & Co. to be applied towards the payment of his firm's debt to them, and whether or not he gave the notice to them not to sell any goods to his firm, without his approval, were each disputed facts, which the court, by its general charge in favor of the garnishees, should not have taken away from the jury. It was their province, and not that of the court, to determine these disputed facts.

4. It is urged by the appellee's counsel, that this charge may be sustained, and the case affirmed, for the reason, that the plaintiff offered no evidence of its judgment against the defendant, citing *Case v. Moore,* 21 Ala. 758; *Jackson v. Shipman,* 28 Ala. 488; *Lee v. Ryall,* 68 Ala. 354; *Brake v. Curd,* 102 Ala. 339.

This principle is certainly true, where a judgment is rendered against a garnishee on his answer, without a contest, unless there has been a waiver of it by the garnishee. Whether it applies where there is a contest, as here, we need not decide. Such proof, in any event, is intended for the protection of the garnishee. The judgment against the defendant, however, is well described in the garnishment, which was sued out in its aid, and the garnishees made answer to it. It would seem that this was an admission of the judgment described in the garnishment, and was sufficient proof of its existence as against them in this proceeding.—*Jackson v. Shipman,* 28 Ala. 493; *Curry v. Woodward,* 44 Ala. 306; *Schamagel v. Whitehurst,* 103 Ala. 260. Besides, the record in-

[Wimberly et al. v. Windham.]

forms us, that this charge was given on no such ground. It is stated, the plaintiff's counsel offered to introduce the judgment in evidence, and the court informed them, it would take "judicial cognizance of such judgment." If we can attribute any meaning to this statement, it is, that the judgment having been rendered in the same court, and in a branch of this same case, when the proposition was made to read it in evidence, the court meant it would regard it for the purposes of the trial as read. The court had no use for the evidence for itself, disconnected with its submission to the jury. The garnishees made no objection to what was being done.

On no conceivable grounds was the general charge in in favor of the garnishees proper.

Reversed and remanded.