# Lichenstein *v.* Murphree.

### *Assumpsit.*

(Decided April 10, 1913.   62 South. 444.)

1. *Partnership; Authority of Partner.*—Every member of an ordinary partnership is its general agent for the transaction of its business in the ordinary way, and the firm is responsible for all contracts made by any partner acting within the limits of the authority conferred by the nature of the firm business, despite secret limitations.

2. *Same; Liability; Burden of Proof.*—Where the firm or any member thereof seeks to escape liability for an unauthorized contract of a partner made within the scope of the partnership business, it or he has the burden to show that the partner was without authority to make the particular contract, and that the person with whom he dealt had notice of his lack of authority.

3. *Same; Authority of Partner.*—Where a partnership consisted of but two members each having an equal voice, either may protect himself against liability upon a future contract made by the other, by giving notice of his dissent, but if a contract is already made, notice of dissent comes too late, and will not protect the objecting partner.

4. *Same.*—Among the implied powers of a member of a trading firm is the authority to employ servants to carry on the partnership business, and such as may be necessary in winding it up; consequently, one partner may, upon dissolution bind his co-partner upon a contract with an accountant to take the stock and audit the books.

5. *Same; Liability of Partner; Defense.*—Where plaintiff was engaged to audit the books of a dissolving partnership and take stock, a statement by one of the partners while plaintiff was engaged in the employment that he must look to the man who hired him, constituted no defense to such one's liability on the contract.

[Lichenstein v. Murphree.]

6. *Same; Contracts; Validity.*—A contract made by a partner without the scope of the partnership cannot be enforced against the partnership unless ratified by it, or unless within the actual authority of the contracting party.

7. *Same; Dissolution; Consent.*—A partnership may be dissolved at any time by mutual consent, whether formed for an indefinite or a fixed period of time.

8. *Same; Notice.*—Upon a dissolution of a firm, a partner must give notice of the dissolution if he would terminate his liability for future acts of his partner; persons who have had dealings with the firm being entitled to acts of notice, although persons who have had no dealings may be barred by constructive notice.

9. *Same; Power of Partner.*—The authority of each partner to bind the firm continues until actual dissolution, and after dissolution, such authority continues in so long as it may be necessary to wind up the affairs of the partnership, consisting ordinarily in the settlement of the accounts and distribution of assets.

10. *Evidence; Judicial Notice; Authority of Partner.*—Courts take judicial knowledge of the scope of the authority of the partner to bind a trading or commercial partnership with reference to commercial paper; as to other matters, the authority must be established by proof of express delegation or by implication.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Assumpsit by Frank H. Murphree against I. N. Lichenstein and L. Cohen, late partners doing business under the firm name of L. Cohen & Co. Judgment for plaintiff, and defendant Lichenstein appeals. Affirmed.

The action was for work and labor done, and the plea was general issue and payment. There was judgment for plaintiff against defendant, and motion was made for a new trial on the ground that there was no evidence that the employment of plaintiff by Cohen was in the line and scope of the business of L. Cohen & Co., and that the alleged employment by Cohen could not bind Lichenstein without a ratification of employment by said Lichenstein, which motion being overruled, Lichenstein appeals. Plaintiff's evidence tended to show that he was auditor and that he was employed by Mr. Cohen, of the firm of Cohen & Co., to audit the books upon an agreed compensation of $154.90, and that he

had been paid only $21.40; that the firm of L. Cohen
& Co., was composed of L. Cohen and Lichenstein; that
Mr. Lichenstein was present while he was at work for
the firm; that Mr. Cohen was the active manager of the
business; that when he finished he rendered a statement
to both gentlemen of his findings; and that Mr. Lich-
enstein was present when he was paid  the  $21.40.
Cohen's testimony was practically the same.  It appear-
ed further from the testimony that the firm was dissolv-
ing, and that the employment of Murphree was by Mr.
Cohen, and that Murphree was told at the time that he
would have to look to Mr. Cohen for his money.

JOHN A. ELMORE, and LETCHTER, McCORD & HAROLD,
for appellant.  Defendant was entitled to show that he
stated to plaintiff before he began work that Cohen
had no authority to employ him, and he must look to
Cohen.—*Johnson & Co. v. Dutton,* 27 Ala. 245.  Where
a partner does an act which is apparently not connect-
ed with the firm's ordinary course of business, the firm
is not bound unless such partner, in fact, had author-
ity or unless the act is ratified.—30 Cyc. 491; *Tillis v.
McKenna,* 21 South. 465; *Abraham v. Hall,* 59 Ala. 386;
*Ex parte Ageace,* 19 Eng. Ruling Cases, 439.

BALL & SAMFORD, for appellee.  We direct the atten-
tion of the court to the following authorities on the
question of the power and scope of a partner within
the scope of the business of a trading or commercial
partnership.—*Woodruff v. Scaife,* 83 Ala. 154; 22 A.
& E. Enc. of Law, 136; 30 Cys. 590; 110 U. S. 505; 6
Mayf. 701.  Cohen was the manager of the business,
and he certainly had authority to employ a competent
accountant to take stock, audit the books, and make a
statement of the partnership affairs.

THOMAS, J.—Every member of an ordinary partnership is its general agent for the transaction of its business in the ordinary way; and the firm is responsible upon all contracts made by any of the partners when acting for the firm within the limits conferred by the nature of the business it carries on.—*Ala. Fert. Co. v. Reynolds,* 79 Ala. 497. Whatever, as between the partners themselves, may be the limits set to each other's authority, every person not acquainted with those limits has a right to assume that each partner is entitled to do for the firm whatever is necessary for the transaction of its business in the way in which that business is ordinarily carried on by other people (*McCrary v. Slaughter,* 58 Ala. 234) ; and if the firm, or any member, seeks to escape liability for the unauthorized act of a partner, when done within the scope of the partnership business, the burden is on it or them to show that the partner was without authority to make the particular contract and that the person with whom he dealt had knowledge of his lack of authority (*Humes v. O'Bryan,* 74 Ala. 65).

Of course, if a partner does an act for a purpose which is apparently not connected with the firm's ordinary course of business, he is not acting in pursuance of any apparent or implied authority, and the firm will not be bound, unless it be shown by the person seeking to hold them that the partner in fact had the authority to make the contract or that his unauthorized act was subsequently ratified.—22 Am. & Eng. Ency. Law, p. 144.

By mutual consent of all the partners, a partnership may be dissolved at any time, whether it was formed for an indefinite or for a fixed period.—22 Am. & Eng. Ency. Law, p. 203. But in accordance with the rule that a principal on revoking the agency must give due

[Lichenstein v. Murphree.]

notice thereof in order to make the revocation effective as to third persons, a partner, upon such dissolution, in order to terminate his liability for the future acts of his partners, must give due notice of the dissolution. All persons who have had dealings with the firm before its dissolution are entitled to have actual notice, but as to those who have had no dealings with the firm prior to its dissolution constructive notice is sufficient, which the law implies when notice is given in any public or notorious manner.—*Joseph, Gaboury & Co. v. Southwark,* 99 Ala. 51, 10 South. 327; 22 Am. & Eng. Ency. Law, p. 180.

After, but not until, a dissolution and notice thereof, the authority of each partner to bind the firm ceases, except in so far as a continued authority may be and is necessary to wind up the affairs of the partnership and to complete transactions begun but not finished at the time of the dissolution. For these purposes, and until they are effected, the partnership with all its incidents and the agency and authority of the respective partners to act for it in bringing about those results is held to continue.—*Dugger v. Tutwiler,* 129 Ala. 265, 30 South. 91; 22 Am. & Eng. Ency, Law, p. 211. To the end of winding it up, it is usually necessary to collect up its assets, pay its debts, settle all questions of account between the partners, and lastly to divide the unexhausted assets (if any) between them in proper proportion; or, if the assets are insufficient for these purposes, then to make up the deficiency by a proper contribution between the partners.—2 Lindsey on Partnership, p. 1286.

If a partnership consists of but two members, since each has an equal voice in the direction and control of the common business, either may protect himself against liability on a future contract, though made by

[Lichenstein v. Murphree.]

the other for the partnership within the scope of the partnership business or in winding it up, by giving notice of his dissent to such contract to the person with whom it is about to be made.—*Johnston & Co. v. Dutton,* 27 Ala. 245; *Adams v. Thornton,* 82 Ala. 264, 3 South. 20; *Bradley v. Pollock,* 104 Ala. 408, 16 South. 138; *Monroe v. Conner,* 15 Me. 178, 32 Am. Dec. 148; 22 Am. & Eng. Ency. Law, 160. After it has been made, however, dissent comes too late.—*Ellis v. Allen, Bush & West,* 80 Ala. 519, 2 South. 676.

Courts take judicial cognizance of the scope of the authority of a partner to bind a trading or commercial partnership, especially with reference to commercial paper; but as to other matters and certainly as to other classes of partnership, it is usually a matter of proof as to the extent of his authority, and in such cases, in order to hold the firm liable, it is necessary to show either that the contract made was expressly authorized, or that it was necessary to the carrying on of the partnership business, or a usual and customary incident to other partnerships of like nature.—*Woodruff v. Scaife,* 83 Ala. 154, 3 South. 311.

Among the implied powers of a partner, however, in partnerships whether of a trading or nontrading character, is the authority to employ servants or agents to carry on the partnership business and such as may be necessary in winding it up.—22 Am. & Eng. Ency. Law, p. 150, and cases cited in note 5; *Brooke v. Washington,* 49 Va. 248, 56 Am. Dec. 142. And any partner has the implied authority to discharge them, though he cannot do so, during the existence of the contract of employment, against the will of his copartners.—1 Lindsey on Partnership, p. 147.

In the present case the appellee, Murphree, brought suit against the appellant I. N. Lichenstein, and L.

Cohen, as late partners doing business under the firm name of L. Cohen & Co., on the common counts for work and labor done. Under such firm name the partties mentioned conducted a mercantile establishment in the city of Montgomery, with L. Cohen in actual charge and control as manager of the business. It seems that in October, 1911, the parties decided to dissolve the partnership, and to this end, before an actual dissolution and while the business was still being carried on and while Cohen was still in charge, he, for the firm, employed the plaintiff to take the stock in the store and audit the books of the firm which the latter did during October, 1911, and now brings this suit against the partnership for his services in so doing. The partnership was formally dissolved, and all accounts and rights between the partners settled and adjusted on November 1, 1911, upon a sale and transfer by Cohen to Lichenstein of the former's interest in the partnership business and property in consideration of a stated sum in cash and the assumption by the latter of all partnership liabilities.

Lichenstein here seeks to escape liability for plaintiff's claim on two grounds: First, that the employment of plaintiff by Cohen was not an act within the general scope of the partnership business, and therefore was only the personal contract of Cohen upon which he alone was liable; second, that even if it was an act within the general scope of the partnership business, the partnership was not liable on account of a special agreement between himself and Cohen, before the employment of plaintiff, whereby Cohen individually was to employ at his own expense a person to take the stock and audit the books.

As to the first contention, we cannot agree. We are of opinion that the employment of a person to take

[Lichenstein v. Murphree.]

stock and audit the books of a mercantile partnership is an act well within the power and authority of a partner in charge and control of the business, whether the purpose be with a view to the continuation of the business or preparatory to a dissolution agreed on. Accurate and trustworthy knowledge of the correct status of affairs is necessary to either purpose.

As to the second contention, it is clear from the general principles of law hereinbefore adverted to that any private agreement between partners, limiting the authority of either to bind the firm upon contracts which he would be authorized to make for the firm but for the agreement, has no efficacy as to persons, dealing with the partner so acting for the firm, who have no knowledge of the special limitation upon his authority. And information or notice to him after the contract has been made or executed comes too late. The only notice (the burden of proving which was on defendant) attempted to be shown was that contained in conversations between plaintiff and defendant, when defendant repudiated, according to his testimony, all liability on the contract. The plaintiff swore, without conflict in the evidence on this point, that this was after the contract had been made or executed between himself and Cohen; the latter acting, as they both say, for the firm.

These general considerations sufficiently dispose of all assignments of error without a detailed notice of them, and show that the rulings of the court in the exclusion or admission of evidence were without injury, if error, and that the motion for a new trial was properly overruled.

The judgment is affirmed.

Affirmed.