# J. A. CONYERS, et al., v. ALLEN B. FISHER.

Middle Section.    October 23, 1926.

Petition for Certiorari denied by Supreme Court, January 29, 1927.

1. **Appeal and error. Error not set out in the motion for new trial will not be considered on appeal.**

It is essential in order to preserve the right to assign errors in the appellate court to set out in the motion for new trial errors that occurred at and during the trial on the facts, but not errors that occurred before the trial in the rulings upon pleadings.

2. **Appeal and error. Assignment of errors must be specific.**

Assignment of error "that the court erred in overruling the motion for new trial" is too general and will not be considered on appeal.

3. **Partnership. Every partner is an agent for the partnership for the purpose of its business.**

Under the Uniform Partnership Act of 1917, chapter 140, section 9, every partner is an agent of the partnership for the purpose of its business, and the act of every partner done for apparently carrying on in the usual way the business of the partnership binds the partnership unless the partner so acting has in fact no authority to act for the partnership in the particular matter and the person with whom he is dealing has knowledge of that fact.

4. **Partnership. Any partner may end authority of other partner to bind partnership by giving notice.**

Any partner may put an end to such authority with respect to new obligations by giving notice that as to some particular matter he will not be bound by his partner's acts.

5. **Partnership. The firm is not liable for contracts made by a partner in his individual capacity.**

A firm is not liable for contracts made by a partner in his individual capacity and not in the character of an agent of the firm, simply because the contract is applied to the use of or inures to the benefit of the firm.

6. **Partnership. Evidence. Evidence held to show act of partner bound the partnership.**

Where the partnership was dissolved and one of the partners employed an auditor to audit the books and the auditor went to the home of the other partner who did not make it plain to the auditor that he objected to the audit, held that the auditor was entitled to recover from the partnership for his services.

7. **Partnership. After dissolution partners can bind the partnership by any act appropriate to winding up the partnership's affairs.**

A partner may contract or incur an obligation after dissolution of the partnership that will bind the partnership provided that it is done in due course of settling the affairs of the partnership.

8. **Partnership. Evidence held to show partner not a bankrupt so as to prevent him binding the firm.**

In an action where the partnership denied the action of one of the partners on the ground that he was a bankrupt and therefore could not bind

the partnership, **held** that since he had not been adjudicated either a bankrupt or an insolvent, that he was not a bankrupt within the meaning of the law and therefore could bind the partnership.

Appeal in error from Circuit. Court of Davidson County; Hon. W. M. Fuqua, Special Judge.

Affirmed.

J. R. C. McCall, of Huntingdon, for plaintiff in error, Conyers.

J. E. Keefe, Jr., of Nashville, for defendant in error, Fisher.

CROWNOVER, J. This was an action to recover $162.50 for services in auditing the books of Elrod & Conyers, a co-partnership composed of A. L. Elrod and J. A. Conyers, road contractors.

This action was commenced before a Justice of the Peace and appealed to the circuit court, where it was tried by the trial judge without a jury and resulted in a judgment for $162.50 and costs in favor of the plaintiff below and against the defendants. But upon motion the court amended the judgment by striking out "the defendants" and entering judgment against J. A. Conyers alone.

The defendant, Conyers, moved the court for a new trial on the following grounds: (1) Because the judgment was against the weight of the evidence. (2) Because under the evidence the plaintiff is not entitled to judgment against the firm of Elrod & Conyers nor against defendant, Conyers, individually. (3) Because of newly discovered evidence.

The court overruled said motion and the defendant has appealed in error to this court, and has assigned errors as follows: (1) The court erred in rendering judgment against plaintiff in error because there was no evidence to support the judgment of the court. (2) The court erred in overruling plaintiffs in error motion for a new trial.

Under these two assignments of error the plaintiff in error raises four propositions, and insists that the partnership had been dissolved before the employment and that he is not liable for the account, because:

(1) The employment to make the audit was a new obligation.

(2) The credit was extended to Elrod, personally, and not to the firm.

(3) The plaintiff in error opposed the audit and made it known to defendant in error before the audit was commenced.

(4) The partnership had no assets and that Elrod was insolvent and had no implied authority to bind the partnership after dissolution.

As a preliminary proposition we will state that the assignments of error are not sufficient. The first assignment is not well made be-

cause the error assigned is not set out in the motion for a new trial. It is essential in order to preserve the right to assign errors in the appellate court, to set out in the motion, errors that occurred at and during the trial on the facts, but not errors that occurred before the trial in the rulings upon pleadings. The trial court cannot be put in error by objections that were not drawn to his attention and are raised in the appellate court for the first time. See, opinions of this court in the cases of J. B. Pepper v. Gainesboro Telephone Company, 1 Tenn. App. Rep., 175, Tennessee Brokerage Co. v. C. L. Larkin, 1 Tenn. App. Rep., 276; Railway v. Johnson, 114 Tenn., 632.

As will be observed the motion for a new trial is not based upon the fact that there was no evidence to support the judgment.

The second assignment of error, "that the court erred in overruling the motion for a new trial" is too general. See, Thurman v. Bradford, 3 Hig., 474.

However, we have examined the record on the four propositions above insisted upon and we do not think that they are well taken.

A. L. Elrod and J. A. Conyers entered into a co-partnership, in the name of Elrod & Conyers, for the purpose of making a contract with the State Highway Department for the construction of a highway in Warren county. The partnership was entered into in the year, 1923, and they worked together until some time in October, 1924, when the job was completed and the partnership dissolved by limitation of time, with the exception that the State owed the partnership a balance which had not been collected. Conyers kept the books and Elrod was dissatisfied with the way the books had been kept, and they had not made a final settlement. Conyers had advanced $2,000 to the firm to complete the work and insisted that the balance due the firm by the State Highway Department should be paid to him. Elrod objected. It should be stated that after the partnership had completed the highway in Warren county that Conyers then entered into a new contrct, individually, to build a part of the highway in Carroll county, while Elrod had entered into a contract to build a highway in Sumner county. Neither of these former partners was interested in the other's contract.

Sometime in January, 1925, Elrod's brother went to Huntingdon and examined the books, and seemed to be satisfied with them. But, later Elrod employed the defendant in error, who lived at Nashville, to go to Hungtingdon and make an audit of the books. He accompanied Fisher down there and Fisher did the work for which he charged $162.50, and gave each of the partners copies of his report. He said that he did the work for the firm and charged the firm for his services. Sometime later he sent the account to Elrod but it was

not paid and then he wrote to Conyers, who refused to pay it, and this suit resulted. He has sued A. L. Elrod and J. A. Conyers under the firm name of Elrod and Conyers, but judgment was rendered against Conyers alone, because it was not shown that Elrod was served with process.

It is now insisted that Elrod personally employed the defendant in error to audit the books and credit was extended to Elrod and not to the firm. The trial judge held that credit was extended to the firm. Is there any evidence to support the judgment?

Under the Uniform Partnership Act of 1917, chapter 140, section 9, every partner is an agent of the partnership for the purpose of its business, and the act of every partner done for apparently carrying on in the usual way the business of the partnership binds the partnership unless the partner so acting has in fact no authority to act for the partnership in the particular matter and the person with whom he is dealing has knowledge of that fact.

This act is declaratory of the common law which was that a partnership is bound by the acts of the partner within the scope of the partnership business, on the ground of implied agency, but any partner may put an end to such authority with respect to new obligations by giving notice that as to some particular matter he will not be bound by his partner's acts. See, Bank v. Mason, 139 Tenn., 662; 30 Cyc., 481-2.

A firm is not liable for contracts made by a partner in his individual capacity and not in the character of an agent of the firm, simply because the contract is applied to the use of or inures to the benefit of the firm. See, 30 Cyc., 483-4; Bank v. Mason, supra; Bank v. Day, 12 Heisk., 413; Bancroft v. Snodgrass, 1 Cold., 430.

Fisher testified that he did the work for the partnership and when he completed it he gave a copy of his report to each one; that he charged the account against A. L. Elrod and J. A. Conyers and was expecting the firm to pay him for his services. The partners settled on his report and Conyers collected the balance due the firm by the State Highway Department and Elrod released his claim thereto. We think that this is some evidence to support the judgment.

It is next insisted that Conyers opposed the audit, and gave notice of his dissent to Fisher before the work was done.

The court held that Conyers was liable, thereby impliedly holding that Conyers did not revoke Elrod's implied agency to represent the partnership. Is there any evidence to support the judgment?

The defendant in error testified that he accompanied Elrod to Huntingdon to audit the books and that when they arrived at the home of Conyers they told Conyers that Fisher had come to audit the books of Elrod & Conyers, and that he did not raise any objection but said that they would have to do the work at his house as he.

did not want them to take the books away, and that they agreed to that and stayed at Conyers' house, and that they were treated well during their stay there, and that he did the work for the firm and was expecting the firm to pay him. While Conyers testified that the first he knew about it Elrod and Fisher came to his house and said that they had come to audit the books, that he told them the books did not need auditing and that he thought the books were all right, and that he did not think they needed anybody to audit them, that he did not know that Fisher was intending to hold him for his pay until some time after the audit had been completed. He said that he told Fisher there was no use in it.

. Only Conyers and Fisher testified in the case and we think that the testimony shows that the question of charging the firm or of holding Conyers liable was not entertained by Conyers at the time. In fact he never thought about it. However, we are of the opinion that Fisher's testimony was some evidence that Conyers did not dissent to the auditing. In other words, Conyers evidence is more about the advisability of making the audit and rather an insistence as to the correctness of his books than an opposition to the audit. We do not think that what he said to Elrod and Fisher was sufficient to put Fisher on notice that Elrod had no implied agency as partner to authorize the employment of Fisher to audit the books. It is necessary that he convey clearly and unmistakably his dissent. See, Bank v. Mason, 139 Tenn., 668-9.

Fisher states that Conyers did not raise any objection and we think that this is some evidence to support the judgment.

The next grounds of insistence are that the partnership had been dissolved and that there were no assets with which to pay for the auditing, and that Elrod was insolvent and had no implied authority as agent to bind the partnership after its dissolution.

"On dissolution the partnership is not terminated but continues until the winding up of the partnership affairs is completed." See, sec. 30 of Uniform Partnership Act, 1917, chap. 140.

Section 35 of Uniform Partnership Act provides that after dissolution a partner can bind the partnership by any act appropriate for winding up the partnership affairs or completing transactions unfinished at dissolution with exceptons (set out in sub-sec. 3 of sec. 35, Unform Partnership Act), such as where the partnership is dissolved because it is unlawful to carry on the business, or where the partner has become bankrupt, etc.

This section in this respect is only declaratory of the common law, and does not prevent the contracting or incurring of obligations in due course of settling the affairs of the partnership. See, 30 Cyc., 667.

The firm is bound by ₊contract for the services of third persons, when the employment is done in the ordinary course of business, when

the conduct of the other partners gives such person the right to assume that the contract is within the scope of the firm's business, or when they have assented to it. See, 30 Cyc., 490.

One partner may upon dissolution bind his co-partner upon a contract for an account to take stock and audit the books. See, Lichenstein v. Murphree, 9 Ala. App., 108, 62 So. Rep., 444.

The only remaining question is whether or not Elrod was a bankrupt as defined by the Uniform Act. If so, he had no authority to help wind up the partnership and his act is not binding on the firm on the theory of implied agency. But we do not think that the record shows him to be a bankrupt within the meaning of the act.

The Uniform Partnership Act, sec. 2, defines: " 'Bankrupt' to include bankrupt under the Federal Bankruptcy Act, or insolvent under any State Insolvent Act." This applies only to where one has been adjudicated a bankrupt under the Federal Bankruptcy Act or one to who has been adjudicated insolvent under the State Insolvency Laws. See, 30 Cyc., 654; 20 R. C. L., 959; Crews v. Sweet, 29 A. L. R., 43, and Notes.

There is no evidence in the record to show that Elrod had been adjudicated either a bankrupt or an insolvent. Hence, we think there is nothing in this proposition. It results that the assignments of error must be overruled and the judgment of the lower court affirmed.

A judgment will be entered in this court in favor of Allen B. Fisher and against J. A. Conyers, and the sureties on his appeal bond, for $162.50 and interest thereon from June 9, 1926, together with the cost of the cause, including the cost of the appeal, for all of which execution may issue.

Faw, P. J., and DeWitt, J., concur.