·Edward Reilly et al. *v.* A. Smith, Jr.

Notice of the retirement of a partner from the firm, published in a newspaper to which the customer of the firm is a subscriber, is not legal notice to such customer of the dissolution of the firm. As to persons previously in the habit of dealing with the firm, actual notice of the dissolution must be brought home to them, which is usually done by circular letters addressed to the creditors of the partnership. Actual notice cannot be inferred from the mere fact of the creditor being a subscriber to the newspaper in which the notice was published.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J., presiding. *T. Gilmore*, for plaintiffs. *Michel & Koontz*, for defendant.

Land, J. The defendant is sued as a partner of the late commercial firm of M. H. Dosson & Co., on a promissory note signed in the name of the firm by one of the partners, and payable to the order of the plaintiffs.

The defence is that the note was made and signed by M. H. Dosson after the retirement of the defendant from the copartnership, and after notice of the dissolution of the firm had been published in the public newspapers of this city, the common domicil of all the parties.

It is shown by the evidence that the defendant, Alexander Smith, Jr., became a member of the firm of M. H. Dosson & Co. on the first of November, 1856; and that on the 24th of January, 1857, the firm was dissolved by his retirement; and that notice thereof was given on the 27th of the same month in the Commercial Bulletin, a daily newspaper published in this city; which paper, the plaintiffs, as subscribers, were in the habit of receiving at their office.

It further appears, that the note sued on was given in renewal of a note signed by Dosson & Co. on the 15th of April, 1857; but that the consideration of the last-mentioned note was the price of goods purchased by Dosson & Co. from the plaintiffs, both prior and subsequent to the date of the retirement of the defendant from the firm.

Although the name of the defendant was not mentioned in the firm, yet, the fact that he was a partner had been made known by a notice inserted in the newspapers before the plaintiff's debt, or any part thereof accrued.

The question to be determined in this case is: Was the notice of the defendant's retirement, published in the Commercial Bulletin, a legal notice of the fact to the plaintiffs, who had been previously in the habit of dealing with the firm?

The general rule of law is, that as to persons who have not dealt with the firm, notice in a public newspaper of the city or county where the partnership business is carried on, will be sufficient; but as to persons who have been previously in the habit of dealing with the firm, it is requisite that actual notice should be brought home to the creditor, or, at least, that the credit should be given under circumstances from which actual notice may be inferred. And this actual notice is usually given by circular letters addressed to the creditors of the partnership.

In the case before us no circular letter was addressed to the plaintiffs, who had previously dealt with the firm; and we concur with the District Judge, that actual notice cannot be inferred from the mere fact that the plaintiffs were subscribers to the Commercial Bulletin, in which, notice of the retirement of the defendant was inserted, especially as the dealings

REILLY
v.
SMITH.

between the plaintiffs' and the firm ceased within a very short period after the retirement of the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.