### W. T. McLemore v. Rankin Mfg. Co.

1. PARTNERSHIP. *Withdrawal of partner. Notice. Subsequent debts.*
    A partner retiring from a firm without in any way publishing his withdrawal, cannot escape liability for debts subsequently contracted in the firm name with persons who may have been induced to deal with the firm by his supposed connection. *Polk v. Oliver*, 56 Miss. 566.

2. SAME. *Obligation to give notice. On whom rests.*
    Such obligation to give notice of withdrawal rests equally on a partner whose connection with the firm is indicated only by the words " & Co." as on one whose name appears in the style of the firm.

FROM the circuit court of Clay county.

HON. C. H. CAMPBELL, Judge.

This was an action of assumpsit by the appellee against T. D. Robertson & Co., a mercantile firm, alleged by plaintiff to be composed of T. D. Robertson, S. B. Robertson, and apppellant, W. T. McLemore. The latter filed a special plea denying the partnership, and averring that at the time the debt to plaintiff was contracted he was not a member of the firm or in any way liable for its debts.

The evidence upon this issue was that T. D. Robertson and W.

T. McLemore formed a partnership in 1888, under the style of T. D. Robertson & Co. ; that early in 1889 the latter withdrew from the firm, disposing of his interest to T. B. Robertson.   No change was made in the firm name, and no notice was given in any way of the withdrawal of McLemore. · On the contrary, the fact was designedly concealed.   After an absence of several months, appellant returned to the store and was employed by the firm as a clerk.   The debt to plaintiff was afterwards contracted in the firm name.   It does not appear that plaintiff when the goods for which the debt was made were sold had any other knowledge of the partnership than that afforded by the firm name and the conduct of the parties with reference to the business.

The court, upon this evidence, gave a peremptory instruction to find for the plaintiff, which was done, and from the judgment thereon defendant, McLemore, appeals. ·

*Fox & Roane*, for appellant.

The trial judge granted the peremptory instruction for plaintiff on the authority of *Polk* v. *Oliver*, 56 Miss. 566.   There is a wide difference between that case and the one at bar.   In that the goods were sold on the credit of Polk, whose name appeared in the style of the firm.   Here there is nothing to show that plaintiff ever knew of McLemore's former connection with the partnership. No credit was extended on the faith of his connection with it. Whether the public was advised of the withdrawal was a question of fact for the jury.   Lindley, Partnership, 216 (n. 22); Bates, Partnership, § 606 *et seq.*

*Beall & Pope*, for appellee.                                ·

This case is controlled by the principles announced in *Polk* v. *Oliver*, 56 Miss. 566, and cases there cited.

CAMPBELL, J., delivered the opinion of the court.

As there was no dispute as to the fact that McLemore was in the early part of 1889 a member of the firm of Robertson & Co., and that no notice of any sort had been given of his withdrawal, but it had been designedly kept secret, the court was justified in

its direction to the jury to find for the plaintiff, for having been a member of the firm and not having published in any way his withdrawal from it, he remained liable as a member to all dealing with it who may have been induced to do so by his supposed connection with it. *Polk* v. *Oliver,* 56 Miss. 566. The only difference between that case and this is that here McLemore was the " Co.," while in that Polk's name was used, but that does not change the principle. One who is the " Co." of a firm is as much bound to give notice of his withdrawal as one whose name is employed, for his connection with the firm may have been known, and may have induced credit to it. The rule may be different where it appears that the existence of the firm was unknown to the new customer, who is shown not to have given credit on the assumption of its continuance as formerly existing, or where long time has elapsed.

*Affirmed.*