No. 3241

Second Circuit

---

FOWLER COMMISSION COMPANY, INC.,
v. GRAY & KEENER ET AL.

---

(April 9, 1931. Opinion and Decree.)

---

Dimick & Hamilton, of Shreveport, and Wimberly & Wallace, of Arcadia, attorneys for plaintiff, appellant.

McClendon & Seals, of Homer, attorneys for defendant, appellee.

McGREGOR, J. This is a suit on an open account for merchandise alleged to have been sold by the plaintiff to the defendant partnership between the dates of December 20, 1926, and February 22, 1927. The petition alleges that the plaintiff is a corporation domiciled at Shreveport, La., and that the defendant Gray & Keener is a commercial partnership composed of J. E. Gray and E. F. Keener, domiciled at Homer, La. No answer was filed on behalf of the partnership or of the defendant E. F. Keener. The answer of J. E. Gray admits that at one time, prior to the sale of the goods described in plaintiff's itemized account attached to its petition, there did exist such a partnership as is described in plaintiff's petition, but that it had been dissolved by mutual consent "several months prior to December 20, 1926," and that both the former members of the partnership had notified the plaintiff and the plaintiff's agent of said dissolution on several different occasions prior to December 20, 1926. The said defendant, J. E. Gray, therefore denied owing any part of the amount sued for on the ground that he did not order any of the goods described in the account.

There was judgment in the lower court in favor of the plaintiff against the defendant E. F. Keener, as prayed for, but the demand against the partnership, Gray

& Keener, and against J. E. Gray individually was rejected. From that part of the judgment rejecting its demands against the partnership, Gray & Keener, and J. E. Gray individually, the plaintiff has appealed.

From the evidence introduced at the time of the trial it appears that the partnership of Gray & Keener was formed at about October 1, 1924, composed of J. E. Gray and E. F. Keener. It is contended by defendant J. E. Gray that the partnership was dissolved on October 1, 1926, and that the plaintiff had ample notice of this dissolution to put it on guard and to relieve him of any obligation on account of goods sold after that date. In his testimony Gray testified that in the spring of 1926, before the meeting of the Louisiana Legislature, he told R. W. Dodd, the salesman representing the plaintiff corporation, that the partnership of Gray & Keener would be dissolved about October 1 of that year. He also testified that he told Dodd this same thing some time in August of that year. Keener confirms this latter statement, but Dodd testifies that he has no recollection of either. There is no testimony whatever to the effect that any notice of an actual dissolution of partnership was ever given to plaintiff or any one else after October 1, 1926, the alleged date of the dissolution, and prior to the sale and delivery of all the goods described in the account sued on. There is nothing in the record to show that the partnership was dissolved on October 1, 1926, except the bare statements of the two partners, J. E. Gray and E. F. Keener. There is no testimony whatever of any settlement of the partnership or of any notice to any one of any dissolution. The business appears to have been continued under the name of Gray & Keener without change or interruption. There was no change of location and the partnership sign over the place of business remained. The bank account was continued in the name of the partnership, Gray & Keener, and both members of the partnership appeared to have checked on the account as freely as ever in the interest of the business. It is in evidence that the same stationery was used in the business as late as March, 1927, as was used before October, 1926, and that goods were sold and delivered in the name of the partnership during all that time as late as March, 1927. Bills and checks were paid and written and cashed in the name of the partnership after the date of the alleged dissolution the same as before. The plaintiff, represented by W. B. Farrar, its vice-president, testified that no knowledge of dissolution was ever conveyed to it until after all goods sued for had been sold and delivered. R. W. Dodd, plaintiff's salesman, testified that he sold the goods to the partnership and that he had never had any notice of dissolution, either as of October 1, 1926, or any other date. He testified further that he did not recollect the conversations that J. E. Gray testified he had with him in the spring of 1926 and in August of that same year wherein it is contended that notice was given of an intended dissolution to take place in October of that year.

The goods were invoiced and consigned to Gray & Keener in the same manner as the plaintiff had been doing for over two years, and when the goods reached Homer, Gray signed all the railroad receipts for them either in his own name or in the partnership name. He admits the signature in every instance.

It appearing that there was no notification to plaintiff of the actual dissolution of the partnership and that defendant J. E. Gray continued to hold himself out as a partner by his conduct and that he permitted the business to be conducted under the partnership name after the alleged date of dissolution the same as before and that he signed for the partnership in the receipt of all the goods sued for, it is evident that he is bound in solido with the other member of the partnership, E. F. Keener, just as though there had never been any pretended dissolution of the said partnership. In order for the defendant Gray to escape liability for the balance of the account sued on, it is necessary that he prove actual notice to the plaintiff of the alleged dissolution after it took place, and in this respect he has failed. Joseph v. Southwark Foundry & Mach. Co., 99 Ala. 47, 10 So. 327; McLemore v. Rankin Manuf'g Co., 68 Miss. 196, 8 So. 845; Lichenstein v. Murphree, 9 Ala. App. 108, 62 So. 444.

For the reasons assigned, that part of the judgment of the lower court appealed from and which rejects the plaintiff's demand against the partnership, Gray & Keener, and against J. E. Gray individually, is annulled and reversed, and it is ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiff, Fowler Commission Company, Incorporated, of Louisiana, against the partnership, Gray & Keener, and against J. E. Gray in solido with E. F. Keener for the sum of $1,579.72, with 5 per cent interest from January 1, 1927, and all costs of both courts.