Modern Appliance and Supply Co., Inc., a corporation engaged in business in the city of New Orleans, brought this suit against B.F. Ibos Sons (allegedly a commercial copartnership) and the individuals composing it, Bertrand F. Ibos, Bertrand Joseph Ibos and Emile Ibos, to recover on an open account for goods sold and delivered during October, November and December, 1941 amounting in total to $154.25. Upon the failure of the defendant copartnership, Bertrand F. Ibos and Bertrand Joseph Ibos, to appear and answer within the time required by law, plaintiff obtained a default judgment against them, in solido. Later, the remaining defendant, Emile Ibos, filed his answer and resisted responsibility to plaintiff on the ground that he had, prior to the time the debt herein sued upon was contracted, withdrawn from the copartnership and that he had notified plaintiff of this fact. He further denied the allegation contained in plaintiff's petition that the copartnership was a commercial one, as defined by the Civil Code.
After a trial in the First City Court on the issue thus presented by this answer, there was judgment in favor of plaintiff condemning Emile Ibos for the amount demanded in the petition. The latter has appealed to this court from the adverse decision.
Since appellant does not contest the correctness of plaintiff's account, the only questions presented for consideration, with respect to his liability for the debt, are whether he withdrew from the copartnership prior to the time the debt was contracted and, if he did, whether plaintiff was given notice of his retirement.
The record makes it fairly certain that appellant withdrew from the copartnership prior to the time the debt was contracted. The evidence shows that, during the year 1939, B.F. Ibos and his two sons, B.J. and Emile, entered into a verbal understanding whereby they agreed to form a copartnership to engage in the plumbing business under the name B.F. Ibos and Sons; that they actively engaged in such business until March 15, 1941 when appellant withdrew from the firm. Appellant testified that, at the time of his withdrawal or within a week thereafter, he verbally notified all of the firms with which the partnership had been doing *Page 554 
business of the fact that he was no longer connected with the concern and that he went to the office of the plaintiff where he notified Mr. Marx Pastel, the manager of plaintiff's plumbing department, and also Mr. T.A. Shaw, the credit manager. He admits, however, that he did not give public notice in the newspaper, nor did he send out circular letters to the concerns with which the defendant copartnership was doing business, advising them of his retirement.
On the other hand, plaintiff's witnesses, Shaw and Pastel, vigorously deny that appellant ever told them that he was withdrawing from defendant copartnership and assert that they had no knowledge of it.
Counsel for appellant contends that the trial judge committed manifest error in not holding that the positive testimony of his client preponderated over the denials of plaintiff's witnesses in view of other evidence which he claims is sufficient to demonstrate that plaintiff was fully acquainted with the fact that appellant had withdrawn from defendant firm. To substantiate this contention, counsel points to the fact that two or three of plaintiff's invoices were addressed to "B.F. Ibos Son" instead of "B.F. Ibos Sons" and directs attention to certain testimony showing that, after the withdrawal of his client from the firm, the name on the truck owned by the copartnership and the firm's letterheads were changed from "B.F. Ibos Sons" to "B.F. Ibos 
Son".
While the circumstances relied on by counsel are favorable to the defense, they are not of sufficient importance either to discredit the denials of plaintiff's witnesses or to render absolute credence to the testimony of appellant. Plaintiff's witnesses assert that they had never seen the letterheads of the copartnership; that, while they had seen the truck, they paid no attention to the name thereon and, with reference to the use of the singular name "B.F. Ibos Son" on two or three of the numerous invoices sent out by plaintiff, they explain that this was probably due to an error on the part of the employees who made out the invoices. And, as against the self-serving statement about the change of the name of defendant firm after the withdrawal of appellant, other evidence showing that the bank account, under which the firm did business, was never changed from "B.F. Ibos Sons" is indeed significant.
The law of the case is not in dispute. In order for a partner who has withdrawn from a firm to relieve himself from responsibility for the debts of the firm, contracted after his withdrawal, to a creditor who has been doing business with the firm prior thereto, actual notice to such creditor must be given. See Reilly v. Smith, 16 La.Ann. 31; Fowler Commission Co. v. Gray Keener, 16 La.App. 167, 133 So. 470; and Marquette Cloak Suit Co. v. Netter Meyer, La.App., 151 So. 820. Accordingly, the partner, who seeks to be exonerated and who (as in this case) has filed a special defense to that effect, assumes the burden of showing by a preponderance of evidence that actual notice to the creditor was given. The usual mode in which such notices are sent is (as pointed out by the Supreme Court in Reilly v. Smith, supra) by circular letters addressed to the creditors and customers of the firm. This is particularly true in instances where the remaining partners continue the business of the firm in the same or a similar name. Of course, the retiring partner has the right to show, if he can, that verbal notice of his withdrawal had been given or that the creditor had actual knowledge but, in such cases, he encounters difficulty in sustaining his defense where the creditor denies his testimony. Thus, in the case at bar, we are unable to say from a reading of the record that the evidence of appellant preponderates over the denials of plaintiff's witnesses. The trial judge, who saw the witnesses and heard their testimony, did not think so and we cannot say that his conclusion on this question of fact was obviously wrong.
However, we think that the judge erred in condemning appellant for the whole amount of the debt of the copartnership. The defendant firm was not a commercial copartnership, as they were engaged in the contracting business as plumbers. See National Oil Works v. Korn Bros., 164 La. 800, 114 So. 659. Under the applicable articles of the Code (Articles 2825, 2826, 2872 and 2873), the copartnership was an ordinary one and hence plaintiff is not entitled to a judgment against the individual members thereof, in solido, but only to one against the firm for the amount due and against each *Page 555 
member of the firm for that amount jointly. For this reason, the judgment against appellant must be amended so as to cast him for not more than his virile share of the firm's debt. See Article 2873, R.C.C. However, he is liable in solido for the costs of the lower court. Article 2087, R.C.C., J.T. Gibbons, Inc., v. S. B. Stable, La.App., 144 So. 641, and Farnsworth Co. v. Estrade, Cotton Fricke, La.App., 166 So. 160.
For the reasons assigned, the judgment appealed from is amended so as to make defendant, Emile Ibos, individually liable as an ordinary partner of B.F. Ibos Sons for his share or proportion of the claim of plaintiff, i.e., one-third thereof or $51.42, with interest thereon from judicial demand, and liable in solido, with the other defendants, for the costs of the lower court. As thus amended, the judgment is affirmed. The costs of this appeal are to be paid by plaintiff.
Amended and affirmed.
JANVIER, J., absent.