AYRES, Judge.
Plaintiff instituted this suit against William Elder and Joe Elder for $1,929.12 for two cars of lumber and materials allegedly sold and delivered March 21 and March 31, 1951, to the Marksville Wood Products Company, an alleged partnership composed of said defendants.
The defendant, Joe Elder, as a resident of and domiciled in St. Landry Parish, excepted to the jurisdiction of the court ratione personae. This exception was overruled. It is not now urged before us either in oral argument or in brief, and it is, therefore, considered as abandoned.
The defendants filed separate answers in which they denied that their relationship in the Marksville Wood Products Company constituted a partnership and averred that the arrangement between them entered into in July, 1946, was such that Joe Elder was merely to assist his younger brother financially in getting started in a business of his own, which relationship was formally dissolved and terminated by an agreement contained in a notarial act of October 1, 1946, notice of which was allegedly furnished plaintiff in its regular course of business and through its employees. This instrument was shown not to have been filed for record until May 1, 1951. Joe Elder further denied the alleged sales were made upon the faith or reliance of his connection with the Marksville Wood Products Company or to a partnership relationship with his brother, William Elder.
*575 William Elder plead an additional defense for which he should be granted relief, that the lumber and materials were defective, not as represented, and unmer-chantable.
After trial of the case but before judgment, the defendant, William Elder, filed a petition in bankruptcy in the United States District Court for the Western District of Louisiana, whereupon plaintiff’s counsel informed the trial court that he would proceed no further against William Elder but against Joe Elder alone. Accordingly, no consideration of William Elder’s liability was given or determined by the trial court. Nevertheless, judgment was rendered rejecting plaintiff’s demands as to both defendants. From the judgment thus rendered, plaintiff appealed.
The district court in resolving the facts found that during July, 1946, the defendants entered into a partnership under the trade name of Olla Manufacturing Company, at Olla, Louisiana, the business of which was the manufacture and sale on the market of certain wood products consisting principally of pallets. This business was thereafter moved to Marksville, Avoyelles Parish, where it operated under the name of Marksville Wood Products Company. This relationship or partnership, as held by the trial court, was dissolved on and as of October 1, 1949. It was, therefore, further found that as of the date of the alleged sales forming the basis of this suit there was no partnership in existence and, though a partnership was supposed to have formerly existed, plaintiff had notice and knowledge of its dissolution and termination.
Defendant, Joe Elder, most vigorously stresses and contends that the relationship formed between him and his brother did not, as a matter of law or fact or by the intention of the parties, constitute a partnership of any kind or character and that he never held himself out or represented himself to be a partner in said enterprise or with his brother. Presented so zealously, as they are, and with the utmost faith in their correctness, these contentions ordinarily would command our most earnest consideration, as indeed they have, as being serious and possessing considerable merit. We will, however, pretermit a detailed discussion and resolution of the questions of fact thus presented and accept the findings of the learned and distinguished trial judge, preferring to base and pitch our decision on the proposition of whether or not plaintiff had notice and knowledge of the non-existence of the parthership as of March 2 and March 31, 1951, when it shipped the lumber and materials involved in this litigation, and whether or not it had notice and knowledge on said dates of the dissolution and termination of the relationship formerly existing between defendants, whatever may have been its nature and character.
There is no question about the dissolution of the concern on and as of October 1, 1949. The venture had been a failure, Joe Elder, until that time, realized his responsibility, both morally and legally, for the debts incurred. We are impressed that his sense of moral responsibility alone carried with him such interest and constituted sufficient desire and motive for his discharge of the concern’s obligations, which he did, to a total expenditure of thousands of dollars and even down to electric light bills and a SO cent item for the repair of a tire.
The record is completely barren of any evidence that Joe Elder by action or word held himself out as a partner other than possibly in instances such as in the act of dissolution where the relationship may have been referred to as a partnership. There is no evidence that plaintiff at any time-relied upon Joe Elder’s representation that he was a partner of his brother. Plaintiff seemingly was satisfied with William Elder’s representation that his brother Joe was financing him and drew its own conclusions. It is recalled that William Elder was formerly employed by plaintiff and was on intimate and friendly relations with plaintiff, its officials and agents. We are impressed from the record that his employment covered a considerable period,, perhaps several years.
*576 Joe Elder testified that after this dissolution, notice thereof and of the severance of his relationship with his brother and Marksville Wood Products Company was given Dun & Bradstreet, Lumbermen’s Credit, and “Red Book” and that they carried this information through their financial responsibility publications to the lumber trade and that every operator he knew was a subscriber to the “Red Book”. Plaintiff admitted it was such a subscriber. Further evidence was admitted as to the acquisition of notice and knowledge of Joe Elder’s separation from the Marksville Wood Products Company to Kellogg Lumber Company of Monroe, Louisiana. Such notices, published as aforesaid and the effect of their coming to the attention of one or more of the concerns with which business was formerly transacted, would, of themselves, have little, if any, weight or value as proof of whether or not plaintiff received actual notice or had knowledge of the facts therein published. Such, however, does reveal that the withdrawal of Joe Elder was not concealed from but freely given the public.
But, additional evidence establishes to our minds, as the trial judge was also convinced, that plaintiff, through its agents, had knowledge of the termination of the relationship between Joe and William Elder. After the dissolution, a car of materials shipped by plaintiff to Marksville Wood Products Company with an invoice to Elder Lumber Company, a business of Joe Elder, precipitated a long distance telephone call, wherein Joe Elder not only cleared up with plaintiff’s accounting department the matter of that shipment but fully explained the termination and dissolution entered into between him and his brother and gave that department of plaintiff information that he was no longer connected with the Marksville Wood Products Company. Also, immediately following the dissolution on October 1, 1949, the business was closed down for several weeks, and it was approximately a year and a half before William Elder resumed buying from plaintiff. William Elder testified that after resuming operation, Mr, E. T. Glankler, plaintiff’s sales manager, called on him at his place of business and inquired as to his business after he had shut down and as to why he was not buying lumber from plaintiff any more, and that, on that occasion, he told Mr. Glankler that Joe Elder had no further connection with the business.
While Mr. Glankler denied receipt of any notice or of his company having any knowledge of the withdrawal of Joe Elder from the Marksville Wood Products Company and the severance of his relationship with his brother, we find no manifest error in the trial court’s findings to the contrary, and from our own appreciation of the evidence we are led to the conclusion that it preponderates in defendant’s favor and that, accordingly, the findings made and the conclusions reached by the trial court that plaintiff, when it made the shipments of lumber and materials herein involved, had actual notice and knowledge that Joe Elder was no longer connected with or had any relationship with his brother in the venture known as Marksville Wood Products Company, and, too, that Joe Elder did not represent or hold himself out as a member of such organization and, moreover, that plaintiff did not rely upon Joe Elder’s connection therewith through any representation or act of his in selling said materials, are supported by the evidence. Joe Elder had no further interest in or relationship with the venture after October 1, 1949, other than as a creditor of his brother, William Elder.
The Jaw involved is clear and not in dispute. Judge McCaleb of the Orleans Court of Appeal, now associate justice of the Supreme Court, in the case of Modern Appliance & Supply Co., Inc., v. B. F. Ibos & Sons, 16 So.2d 552, 554, expressed it thus:
“In order for a partner who has withdrawn from a firm to relieve himself from responsibility for the debts of the firm, contracted after his withdrawal, to a creditor who has been doing business with the firm *577 prior thereto, actual notice to such creditor must be given. See Reilly v. Smith, 16 La.Ann. 31; Fowler Commission Co. v. Gray & Keener, 16 La.App. 167, 133 So. 470; and Marquette Cloak & Suit Co. v. Netter & Meyer, La.App., 151 So. 820. Accordingly, the partner, who seeks to be exonerated and who (as in this case) has filed a special defense to that effect, assumes the burden of showing by a preponderance of evidence that actual notice to the creditor was given. * * * Of course, the retiring partner has the right to show, if lie can, that verbal notice of his withdrawal had been given or that the creditor had actual knowledge but, in such cases, he encounters difficulty in sustaining his defense where the creditor denies.his testimony”.
The court continued to say in that case:
“ * * * we are unable to say from a reading of the record that the evidence of appellant preponderates over the denials of plaintiff’s witnesses. The trial judge, who saw the witnesses and heard their testimony, did not think so and we cannot say that his conclusion on this question of fact was obviously wrong.”
On the contrary, in the present case, the trial judge who saw the witnesses and heard their testimony was of the opinion that defendant had sustained his burden of proof and that the plaintiff had actual knowledge of the dissolution of the partnership or arrangement formerly existing between defendants. We are not in position to say that his conclusion on this question of fact was obviously wrong.
For these reasons, the judgment, so far as rejecting plaintiff’s demands as to the defendant, Joe Elder, is correct and will be affirmed; but, in view of the circumstances related hereinabove as to the defendant, William Elder, a dismissal of plaintiff’s demands as to him in the judgment (reference thereto being omitted from the written reasons for judgment) was evidently an oversight and the judgment should be corrected to the extent of allowing a dismissal as to him as of non-suit.
The judgment appealed from is amended to the extent of a dismissal of plaintiff’s demands against the defendant, William Elder, as of non-suit, and, as thus amended, it is affirmed at appellant’s costs.
Amended and affirmed.