REID, Judge.
In this suit, The Trane Company, plaintiff-appellant, is attempting to recover for merchandise sold on open account. There is a dispute concerning whether or not the merchandise which was air conditioning equipment was sold to Winston McCoard, individually, or to the Winston-Williams Company, a partnership composed of Winston McCoard and Kermit Williams.
After a trial was had on the merits judgment was rendered for Kermit Williams, the defendant-appellee. The Trane Company perfected a devolutive appeal from this adverse judgment. The undisputed facts presented on the trial on the merits are substantially as follows:
Kermit Williams, a Real Estate Agent formed a partnership with Winston Mc-Coard during the year 1957. The partnership carried on an air conditioning brokerage business. In other words, the partnership solicited and received orders from people who wished to have their homes air conditioned. The equipment would be purchased directly from the manufacturer and delivered to the company. The partnership would then arrange to install the equipment, or it would contract with a third party to have the installation done. It also appears that Mr. McCoard handled *120 most of the business in connection with the air conditioning business. It seems Mr. Williams was a Real Estate Agent and his connection with the business was mainly as an investor. Air conditioning equipment was delivered on open account to the partnership on several occasions by The Trane Company. On or about July 1st, 1958 Mr. Williams and Mr. McCoard dissolved their partnership. By July 15th Mr. McCoard had moved his business and opened his office at a different address. Thereafter, Mr. Williams also moved to a different location and operated solely as Kermit Williams Realty, being no longer connected with the air conditioning business in any respect. From time to time he did check with McCoard regarding the status of the business and whether or not it was possible for McCoard to pay any amount on the debt owed to him personally. According to invoices which were introduced into evidence and which were dated respectively, September 12, 195S, September 29, 1958 and October 3, 1958 The Trane Company shipped the items of air conditioning equipment in question on terms of 30 days credit. These invoices were made out to the Winston-Williams Company and covered purchasing totalling $1605.77.
As stated hereinabove these facts are uncontested.
The contested facts relate to the question of whether or not Kermit Williams gave sufficient and proper notification of the dissolution of the partnership, the Winston-Williams Company to The Trane Company prior to the dates upon which the equipment sued upon was shipped.
The gist of the testimony of Mr. Mc-Coard and Mr. Williams on this particular point is that a Mr. Roland Neve and a Mr. Etinne D. Cambon Jr. (both of whom are agents of The Trane Company, and both of whom testified in this matter) were notified of the plans of dissolution in June of 1958. They then elaborated on the point by testifying that these agents of The Trane Company were notified then that only the existing contracts made by the partnership were to be completed and no-new work was to be contracted by the partnership. The fact that separate offices were set up by Williams and by McCoard in July of 1958 is not disputed, nor is the fact that Neve and Cambon knew of this additional circumstance.
Parenthetically, it should be noted that McCoard went into bankruptcy soon after the orders sued upon herein were made and The Trane Company has received no payments on these accounts.
The testimony of Williams and McCoard1 relative to notification of the agents of The Trane Company of the dissolution of the partnership is strongly corroborated by two* witnesses. These witnesses were not employed by Kermit Williams upon the date of the trial, but had been in his employ in the summer of 1958. These witnesses were, John N. Cutrer and Murray Tate.
Mr. Tate testified that one day late in June, shortly after the noon hour, he, Mr. Williams, Mr. McCoard, and Mr. Neve were in the office in the Commerce Building in Baton Rouge. During the course of the conversation Mr. Williams informed Mr. Neve of the dissolution of the Winston-Williams Company, and that Mr. Williams would work only as a real estate agent, and McCoard would continue to operate an air conditioning business.
Mr. Cutrer testified that he was present in the office one afternoon around the first part of July, 1958 and that he was “answering the phone.” While he was thus engaged Mr. Cambon and Mr. McCoard came into the office and started a friendly conversation. During the course of the conversation Mr. Cambon asked Mr. Mc-Coard what he was “going to do now that * * * he and Mr. Williams * * * had dissolved their partnership.”
Mr. Neve and Mr. Cambon both denied knowing of the actual dissolution. They took the position that they had been informed of Williams’ and McCoard’s inten *121 tion to dissolve the partnership, but not of -the actual dissolution.
We are not favored with written reasons for judgment. However, we feel that the main question before the District Court and before this Court was one of fact.
We think that this question was fairly resolved in favor of the defendant who bears the burden of proof in a case such as this. The applicable law on this point is well stated in the case of Modern Appliance & Supply Co., Inc. v. B. F. Ibos & Sons, La.App., 16 So.2d 552 from which we quote as follows:
“The law of the case is not in dispute. In order for a partner who has withdrawn from a firm to relieve himself from responsibility for the debts of the firm contracted after his withdrawal, to a creditor who has been doing business with the firm prior thereto, actual notice to such creditor must be given. See Reilly v. Smith, 16 La.Ann. 31; Fowler Commission Co. v. Gray & Keener, 16 La.App. 167, 133 So. 470; and Marquette Cloak & Suit Co. v. Netter & Meyer, La.App., 151 So. 820. Accordingly the partner, who seeks to be exonerated and who (as in this case) has filed a special defense to that-effect, assumes the burden of showing by a preponderance of evidence that actual notice to the creditor was given. The usual mode in which such notices are sent is (as pointed out by the Supreme Court in Reilly v. Smith, supra) by circular letters addressed to the creditors and customers of the firm. This is particularly true in instances where the remaining partners continue the business of the firm in the same or a similar name. Of course, the retiring partner has the right to show, if he can, that verbal notice of his withdrawal had been given or that the creditor had actual knowledge but, in such cases, he encounters difficulty in sustaining his defense where the creditor denies his testimony. Thus, in the case at bar, we are unable to say from a reading of the record that the evidence of appellant preponderates over the denials of plaintiff’s witnesses. The trial judge, who saw the witnesses and heard their testimony did not think so and we cannot say that his conclusion on this question of fact was obviously wrong.”
As in the cited case it cannot be said that the District Court’s conclusions were in error. In fact his decision was based upon substantial concrete evidence which preponderated in defendant’s favor. Accordingly it is felt that it should be affirmed.
Counsel for plaintiff-appellant cites the cases of Modern Appliance & Supply Co., Inc. v. B. F. Ibos & Sons, 16 So.2d 552; Goldman v. General Supply, La.App., 6 So.2d 778; Marquette Cloak & Suit Co. v. Netter & Meyer et al., La.App., 151 So. 820; Fowler Commission Co. v. Gray & Keener et al., 16 La.App. 167, 133 So. 470, cited supra, in support of his contentions that proper notification of dissolution was not given in the case at bar. Each of the cited cases is distinguishable on a factual basis from this case. A detailed itemization of the proof presented in each of these cases is deemed unnecessary. Suffice it to say that although in each of the cases cited it is felt that a correct result was reached, the facts presented therein are not controlling in this case.
Counsel for plaintiff-appellant raise the question of whether or not Williams and McCoard complied with either LSA-R.S. 9:3401 by filing articles of partnership in the public records, or with LSA-R.S. 9:3402 by filing a certificate of dissolution in the public records for the first time on appeal. Since the questions were not raised in District Court and we have no evidence before us on this point it is found that these are not proper subjects for consideration on appeal.
*122 Accordingly, the judgment of the trial court dismissing the demand of The Trane Company at its cost is affirmed. All costs of this appeal are also taxed to plaintiff-appellant.
Affirmed.