BARRY, Judge.
Plaintiff, Federal Savings and Loan Insurance Corporation [FSLIC], appeals a judgment which maintains a co-defendant’s exception of no right of action. The exception is based on a claim that there was no partnership when the debt(s) was incurred and on a letter which disclaims any liability.
On March 10, 1986 Sunbelt Federal Bank filed suit on two promissory notes against Dutel & Dutel, a legal partnership consisting of Louis G. Dutel, Jr. and William J. Dutel.[1] On September 11,1986 FSLIC, the receiver for Sunbelt, was substituted as plaintiff. The petition alleges the partnership was created on October 31, 1980 and existed on February 13, 1985 and May 22, 1985 when William Dutel executed promissory notes for $75,000 and $25,000 respectively in the name of Dutel & Dutel, the alleged partnership.
Dutel & Dutel’s exception of vagueness was declared moot and William Dutel’s exception of prematurity was overruled. Louis Dutel filed several exceptions including no right of action which was maintained. FSLIC appeals.[2]
In the no right of action exception Louis Dutel claims that he withdrew from Dutel & Dutel on December 26, 1984 before the promissory notes were signed by William Dutel. He produced a letter to him from Sunbelt dated June 3, 1985 which states that the bank “will not hold you personally liable for repayment on the above referenced loan.” The reference on the letter is:
Re: Loan # 160010007835
Line of Credit to Dutel & Dutel
The record does not explain if the one loan number covers both notes. The no right of action exception under La.C.C.P. Art. 927(5) raises the issue of whether the person has an interest in the subject matter of the proceedings. In re Tutorship of Werling, 459 So.2d 758 (La.App. 4th Cir. 1984). Except as otherwise provided by law an action can be brought only by a person who has a real and actual interest which is asserted. La.C.C.P. Art. 681. The question is whether the plaintiff belongs to that particular class of persons to whom the law grants a remedy for the particular harm alleged by plaintiff. Steadman v. Sladovich, 430 So.2d 816 (La. App. 5th Cir.1983). Evidence is admissible to support or controvert the grounds for the exception. La.C.C.P. Art. 931.
The exception questions whether a remedy afforded by law can be invoked by a particular plaintiff; it relates specifically to the individual person. Henry v. State through Department of Health and Human Resources, 435 So.2d 565 (La.App. 3rd Cir.1983), writ denied 441 So.2d 750 (La.1983). The exception is a threshhold device to terminate a suit brought by one who has no interest in it. Stevens v. Board of Trustees of the Police Pension Fund of the City of Shreveport, 309 So.2d 144 (La.1975).
*117 The no right of action exception is not to be used to urge that the plaintiff is without interest simply because the defendant has a defense to the action. Frazier v. Green Steel Building, Inc., 409 So.2d 1290 (La.App. 2d Cir.1982). It “cannot be utilized to determine whether defendant can stand in judgment ... Such a defense goes solely to the merits.” In re Tutorship of Werling, 459 So.2d at 762, quoting from Steadman v. Sladovich, 430 So.2d at 818.
Louis Dutel’s exception of no right of action raises affirmative defenses. He contends that he withdrew from the partnership and relies on the letter from Sunbelt which states he was not personally liable. Those are defenses which go to the merits and do not support the exception of no right of action. We note Thermal Supply of Louisiana, Inc. v. Sumter, 452 So.2d 312 (La.App. 2d Cir.1984), discussed in both briefs, involves a trial on the merits, not an exception.
The trial court’s reasons for judgment mention other defenses, including whether a partnership existed when the notes were executed, if Louis Dutel bound himself individually or as a partner, and whether the lendor had a duty to ascertain such facte. Those defenses are also applicable to the merits.
The judgment is reversed and the case remanded for further proceedings.
REVERSED AND REMANDED.
SCHOTT, J., concurs.

. The caption of the lawsuit used the defendants’ initials and a supplemental petition added the names.

. Louis Dutel filed a motion to strike certain documents allegedly not admitted in the lower court. The motion was referred to the merits. The contested documents pertain to affirmative defenses relevant to the merits of the case, not his no right of action exception. This Court may consider Only what is part of the record.