ARMSTRONG, Judge.
Plaintiff, Federal Savings and Loan Insurance Corporation, “FSLIC”, appeals the trial court’s judgment granting defendant’s, Louis G. Dutel, Motion for Summary Judgment. We affirm the trial court’s judgment.
This court was called upon to review a judgment upholding an exception of no right of action based on these same facts and filed by the defendant, Louis G. Dutel, Jr., in Federal Savings and Loan Insurance Corporation v. Dutel & Dutel, 529 So.2d 115 (La.App. 4th Cir.1988). The facts in the prior appeal were recited as follows:
On March 10, 1986 Sunbelt Federal Bank filed suit on two promissory notes against Dutel & Dutel, a legal partnership consisting of Louis G. Dutel and William J. Dutel.1 The petition alleges the partnership was created on October 31, 1980 and existed on February 13, 1985 and May 22, 1985 when William Dutel executed promissory notes for $75,000.00 and $25,000.00 respectively in *1153 the name of Dutel & Dutel, the alleged partnership.
Dutel & Dutel’s exception of vagueness was declared moot and William Du-tel’s exception of prematurity was overruled. Louis Dutel filed several exceptions including no right of action which was maintained. FSLIC appeals,
(footnotes omitted).
On appeal this court reversed finding that the affirmative defenses raised by Louis Dutel go to the merits and did not support the exception of no right of action. In his brief Louis Dutel observed that during oral arguments of that appeal it was stated that Louis Dutel would better accomplish his end to seek a dismissal based on an affirmative defense by way of a motion for summary judgment rather than an exception of no right of action.
On June 6, 1989, Louis Dutel filed a motion for summary judgment accompanied by supporting documents; his affidavit, William Dutel’s letter dated March 8, 1985 confirming Louis Dutel’s withdrawal from the partnership and the termination of the partnership as of December 31, 1984 and a copy of Vice-President of Sunbelt Bank, Christopher Ard's, letter dated June 3, 1985 acknowledging that Louis Dutel was not personally liable for the repayment of the loan, and a memorandum and supplemental memorandum of authority and law. Sunbelt was the institution that made the loan to William J. Dutel. FSLIC took over as an assignee and receiver of the two notes sued upon after the maker was in default and after this law suit was filed. Following a hearing on June 23, 1989, Judge Ganucheau granted the summary judgment and Louis Dutel was dropped from the proceedings. FSLIC appeals.
FSLIC argues that genuine issues of material fact do exist as to whether: 1) William J. Dutel was a mandatory of the partnership with respect to Sunbelt; 2) particular notice was ever afforded Sunbelt concerning the termination of Dutel and Dutel; 3) the D’Oench Doctrine and the provisions of 12 U.S.C. Section 1823(e) estopped the affirmative defense concerning the alleged Release.
We need not address FSLIC’s assignments of error because the crucial issue of this case is whether Sunbelt had any basis on which it could reasonably believe that William Dutel was acting on behalf of a partnership at the time he made the loans. The case of Nu-Lite Elec. v. Deckard & Treadaway Elec., 498 So.2d 120 (La.App. 5th Cir.1986) recites the law as it pertains to the liabilities of retiring partners for acts and obligations of a continuing partner or a new firm.
Generally, the liability of each partner for the partnership’s obligations is fixed at the time of dissolution. See Cambre v. St. Paul Fire & Marine Ins. Co., 331 So.2d 585 (La.App. 1st Cir.1976), writ denied, 334 So.2d 434 and 334 So.2d 435 (La.1976). However, in the absence of notice of the withdrawal of a partner from a partnership or of its dissolution, a withdrawing partner is not exonerated from responsibility for subsequent engagements, made in the name of the partnership, with persons previously in the habit of dealing with the partnership. Thermal Supply of Louisiana, Inc. v. Sumter, 452 So.2d 312 (La.App. 2d Cir.1984); Trane Company v. Williams, 143 So.2d 119 (La.App. 1st Cir.1962).
In Trane, supra, at 121 the court noted:
“... The applicable law on this point is well stated in the case of Modern Appliance & Supply Co., Inc. v. B.F. Ibos & Sons, La.App., 16 So.2d 552 [1944] from which we quote as follows:
‘The law of the case is not in dispute. In order for a partner who has withdrawn from a firm to relieve himself from the responsibility for the debts of the firm contracted after his withdrawal, to a creditor who has been doing business with the firm prior thereto, actual notice to such creditor must be given. See Reilly v. Smith, 16 La.Ann. 31: Fowler Commission Co. v. Gray & Keener, 16 La.App. 167, 133 So. 470 [1931]; and Marquette Cloak & Suit Co. v. Netter & Meyer, La.App., 151 So. 820 [1934], Accordingly the partner who seeks to be exonerated and who (as in this case) has filed a special defense to *1154 that effect, assumes the burden of showing by a preponderance of evidence that actual notice to the creditor was given. The ususal mode in which such notices are sent is (as pointed out by the Supreme Court in Reilly v. Smith, supra) by circular letters addressed to the creditors and customers of the firm. This is particularly true in instances where the remaining partners continue the business of the firm in the same or a similar name. Of course, the retiring partner has the right to show, if he can, that a verbal notice of his withdrawal had been given or that the creditor had actual knowledge but, in such cases, he encounters difficulty in sustaining his defense where the creditor denies his testimony.
Under the facts of the present case Louis Dutel owed no duty to Sunbelt to give notice of his withdrawal as a partner from Dutel & Dutel because Sunbelt was not previously in the habit of dealing with the partnership or doing business with the firm prior to Louis Dutel’s withdrawal. The record reveals that the promissory notes were executed on February 13th and May 22nd of 1985 and Louis Dutel withdrew as a partner effective December 31, 1984.
In the instant case the notes and debt alleged are a one time happening. There had been no previous business between Sunbelt and Dutel & Dutel. It was one transaction, only one. Unlike the cases cited by FSLIC, Thermal Supply v. Sumter, 452 So.2d 312 (La.App. 2d Cir.1984) and Trane Company v. Williams, 143 So.2d 119 (La.App. 1st Cir.1962), this was not a continuing, regular customer relationship. In those cases there was an element of continuity — before and after. In the instant case there was no obligation on the part of Louis G. Dutel, Jr. to notify Sunbelt, simply because neither the partnership nor Louis G. Dutel, Jr. had any previous knowledge of Sunbelt as a creditor. Sunbelt had never been a creditor at any time.
We agree with the trial court. The facts of this case do not present any genuine issues of material fact. Louis Dutel’s Motion for Summary Judgment was properly granted.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.